In the Matter of the Application of RAY NEWKIRK, an Enrolled Socialist Voter, Petitioner, to Have Canceled the Enrollment in the Socialist Party of ANTHONY LISANDRELLI (Also Spelled LISANDRELLA) and Others, Defendants.

Supreme Court, Oneida County, September 12, 1931.

*Frederick B. Adams*, for the petitioner.

*Irving K. Baxter*, for the defendants Eugene Kipper, John Esposito, Jos. Garramone, Thos. McLock, Salvatore Scamponi and Dennis O'Dowd.

*Mary Demars, Mary Marrachino, Indiana Peale* and *John J. Louis*, in person.

DOWLING, J. The petitioner is a duly enrolled member of the Socialist party of the State of New York, residing in the city of Utica, N. Y. On the 20th of August, 1931, petitioner, as a duly enrolled voter of said party, filed with Mr. Otto L. Endres, as chairman of the county committee of said party in Oneida county, a written complaint charging that the above-named defendants, enrolled as members of said party in the city of Utica, are not in

sympathy with the principles of said party and that the declaration of said defendants upon which they severally enrolled as members of said party is materially false and that certain of said defendants do not reside in the election district in which they were enrolled, and requested said county chairman to cause an investigation to be made in respect to said complaint and steps taken to cause the enrollment of said defendants to be canceled according to law.

Pursuant to said complaint, said county chairman designated in writing a subcommittee of said county committee of the Socialist party of the county of Oneida, consisting of himself and John Poccia, both duly enrolled members of said party, to hear said complaint pursuant to section 332 of the Election Law of the State of New York, and to report their conclusions thereon to him as chairman. The sub-committee gave due notice in writing to each of the above-named defendants of a hearing duly appointed to be held pursuant to subdivision 2 of section 332 of the Election Law. None of the defendants attended the hearings of said committee; said committee took evidence and made a report in writing of their proceedings and findings to said county chairman, who, upon the report and return of said committee, made the following determination in writing:

" DETERMINATION BY CHAIRMAN.

" In the Matter
of
The Complaint and Petition of Ray Newkirk to have the enrollment in the Socialist Party of Anthony Lisandrelli, Rose Mangano, Henry Emden et al., all of Utica, N. Y., cancelled.

" Determination by Otto L. Endres, as Chairman of the Oneida County Committee of the Socialist Party of the State of New York, under the above complaint.

" I, Otto L. Endres, hereby certify that I am the duly elected, qualified and acting Chairman of the Oneida County Committee of the Socialist Party of the City of Utica, County of Oneida, State of New York, and I do hereby decide and determine with respect to said complaint as follows:

" I hereby certify that the complaint in this proceeding was duly presented to me by Ray Newkirk and that he is a duly enrolled voter of the Socialist Party in the said City of Utica; that pursuant to Section 332 of the Election Law of the State of New York, I duly, in writing, designated and appointed Otto L. Endres and John Poccio, members of said County Committee, as a sub-

committee, to hear said complaint, that the voters named therein are not in sympathy with the principles of such party.

" I find and determine that said Committee before entering upon their duties as such duly took and subscribed an oath of office as such Committee, and that such Committee duly proceeded to hearings commencing on the 27th day of August, 1931, and continuing by due adjournment to August 28th, 1931, and further duly adjourned and continued to August 29th, 1931. I do further, after due consideration and deliberation upon the evidence presented before said Committee and upon the proceedings had and taken by and before said Committee, find and determine that the following named persons, enrolled with said Socialist Party in several districts and wards of the said City of Utica, are not in sympathy with the principles of the said Socialist party, to wit: [All persons named as defendants in this proceeding.]

" I further find and determine that of the above-named persons determined, as aforesaid by me to be not in sympathy with the principles of the Socialist party, have signed written renunciations of the enrollment of their names, and request that the enrollment with said Socialist party be cancelled, to wit: Rose Mangano, Edwardo Brillante, Anthony Lisandrelli, Mary Combar, Paul Mangano, Julia Wojtowicz, Mike Pelletiere, Mary Pelletiere, Theresa Dacundo, Rose Alicondro, Joseph Zongrone, Catherine Zongrone, Harry Esposito, Henry Fisher, Joseph DeCrisci, Henry Emden, Henry Lewandowski, Joseph Bretelli, Mary Demars, Anthony Tofolo, Jennie Pecheon and Rocco Schiavone.

" I further find and determine that in the year 1930 a plan was carried into execution whereby persons who were not Socialists and who were not in sympathy with the principles of the Socialist party enrolled with such Socialist party for the purpose of effecting the nomination in the Socialist primary of 1930 in the City of Utica as nominees of the Socialist party, persons and candidates who were not in sympathy with the principles of the Socialist party in order that nominees of the Democratic party should have the support at the following general election of the formal nomination by the Socialist party.

" I find and determine that persons who are affiliated with political parties other than the Socialist party and who have enrolled, or whose names have been enrolled with such Socialist party are not in sympathy with the principles of the Socialist party as provided by the laws of the State of New York.

" I further find and determine that, of the persons hereinbefore found and determined to be not in sympathy with the principles of the Socialist party and who have not signed a renunciation of such

enrollment with the Socialist party, the following named are not in sympathy with the principles of the Socialist party: Mary Elefante, James DeFazio, Rose M. Durante, Joseph Garramone, Lawrence Gacek, Nicholas Yule, Mary Smith, Jean Brown, Mary Lamante, Nick Teste, John Smith, Frank Pucine, Marshall Dodge, Anthony Costello, Catherine Ruth, William Ruth, John Belle, Frank Minucci, Chester Casaletta, Indiana Peale, Philomena Boccardo, Thomas McLock, John J. Louis, Earl Baulerle, Helen Baulerle, John Esposito, William C. Myers, Mary Rocchino, Sam Rocchino, Freida Spies, Christina Sparte, Nick Albertine, Lucy Fiore, Mary Nele, Rose Esposito, Lucy Amnese, Elsie Lisandrelli, Theresa Pucine, Salvatore Scamponi, E. Edwin Nagaione, Joan Murray, Pierce Grumming, Helen Schuber, Joseph Blake, George Gilbank, Dennis O'Dowd, Fred Annaman.

" I hereby certify that the papers, and the record of proceedings before the aforesaid Committee had and taken are submitted herewith.

" Dated, UTICA, NEW YORK, *September* 3, 1931.

" OTTO L. ENDRES,

" *Chairman of the Oneida County Committee of the Socialist Party.*"

Upon the determination of said county chairman, the petitioner instituted this proceeding asking for the following relief:

" WHEREFORE, Petitioner respectfully prays,

" *First,* that the enrollment of each and every of the above named defendants found and determined by the aforesaid Committee and by said Chairman of the Oneida County Socialist Committee to be not in sympathy with the principles of said Socialist party be cancelled.

" *Second,* that the enrollment of the above named defendants and each of them, except defendants Catherine Stevenson and George Hater, be cancelled upon the ground that the declaration of enrollment of such defendants with the said Socialist Party, as aforesaid, contained a materially false statement, as hereinabove set forth.

" *Third,* that the names of the aforesaid defendants found not to reside in the election district in which enrolled be cancelled.

" *Fourth,* for such other and further relief as to the Court may seem just and proper.

" FREDERICK B. ADAMS,

" *Attorney for Petitioner.*"

Upon the return of the order to show cause herein, Mr. Irving K. Baxter, as attorney for six of the above defendants, appeared

specially and objected to the jurisdiction of the justice upon two grounds, viz.: *First*, that section 332 of the Election Law of the State of New York is unconstitutional, in that it violates article 1, section 1, of the Constitution of the State of New York, and section 1, article 14, of the Constitution of the United States. *Second*, that the petition fails to state facts sufficient to give the justice jurisdiction in the premises.

The petitioner contends that the defendants were not in sympathy with the principles of the Socialist party when they enrolled under its emblem, and never were in sympathy with same; that their enrollment as Socialists was part of a fraudulent scheme to procure for candidates for office upon the Democratic ticket in the city of Utica and county of Oneida at the coming primary the indorsement of the Socialist party in said city and county to the exclusion of the candidates of said party who are genuine Socialists; that the declaration upon which each of the defendants enrolled as Socialists was false; that in pursuance to said scheme, petitions containing the names of Democratic candidates for office in the city of Utica and county of Oneida have been circulated among the Socialists of the city of Utica and have been subscribed by some twenty-three of the defendants herein, and that said petitions have been filed as required by the Election Law, and that the persons mentioned therein as candidates for office will seek nominations for their respective offices upon said Socialist ticket.

There is no principle more firmly imbedded in the law than that one party may nominate the candidates of another party. This principle has frequently been borne out in the indorsement and election, by more than one party, of administrative and judicial officers. (*Matter of Callahan*, 200 N. Y. 59, 61.) In the same case (at pp. 61 and 62) Judge CULLEN said: " The liberty of the electors in the exercise of the right vested in them by the Constitution to choose public officers on whatever principle or dictated by whatever motive they see fit, unless those motives contravene common morality and are, therefore, criminal, such as bribery, violence, intimidation or fraud, cannot be denied."

In the absence of " bribery, violence, intimidation or fraud * * * electors have the right to vote for whom they will for public office, and this right cannot be denied them by any legislation."

If the defendants, being out of sympathy with the principles of the Socialist party, enrolled for the purpose of being in a position to nominate upon the Socialist ticket candidates of other parties, the Legislature of the State very clearly has the power to pass legislation to prevent the accomplishment of such a vicious, fraudu-

lent undertaking by providing that the name of a person so enrolling may be canceled on the enrollment list and it likewise has the power to cancel on said list the name of any person making a materially false statement in his enrollment declaration or if such person dies or removes from the district. In any such instance, the voter is not disfranchised because of the statute, but he is prevented from voting in the primary because of his own acts. If the Legislature were powerless to protect party enrollments, then minority parties in particular would be subject to the fraudulent domination of persons who might wish to use them for selfish or ulterior purposes. The Socialist party is recognized by the law and its members are entitled to receive and will receive the full protection of the law. The weaker a party is the more zealously will the court strive for its protection against those who seek, by falsely enrolling under its banner, to thwart the will and purpose of the legally enrolled members thereof.

I am of the opinion that section 332 of the Election Law, which is designed to protect party enrollments, does not violate either the State or National Constitution. I am of the opinion that the petition sets up facts sufficient to give a justice of the Supreme Court jurisdiction of this proceeding. Therefore, the preliminary objections are overruled.

The defendants appearing by Mr. Baxter have filed no answers or answering affidavits and have produced no evidence in their own behalf.

The petitioner has reasonably complied with all of the requirements of section 332 of the Election Law preliminary to instituting this proceeding.

Section 332 of the Election Law provides as follows:

"Proceedings as to enrollment. 1. The supreme court or a justice thereof within the judicial district, or the county judge within his county, in a proceeding instituted by a duly enrolled voter of a party, at least ten days before a primary election, shall direct the enrollment of any voter with such party to be cancelled if it either appears that any material statement in the declaration of the voter upon which he was enrolled is false, or that the voter has died, or that he does not reside in the election district.

" 2. The chairman of the county committee of a party with which a voter is enrolled in such county, may, upon a written complaint by an enrolled member of such party in such county and after a hearing held by him or by a sub-committee appointed by him upon at least two days' notice to the voter, personally or by mail, determine that the voter is not in sympathy with the principles of such party. The supreme court or a justice thereof within the judicial district, in a proceeding

*instituted by a duly enrolled voter of the party at least ten days before a primary election, shall direct the enrollment of such voter to be cancelled if it appears from the proceedings before such chairman or subcommittee, and other proofs if any be presented, that such determination is just."*

The Supreme Court, or a justice thereof, in a proper proceeding under subdivision 1 of said section, may cancel the enrollment of any voter if it appears: (1) That any material statement in the declaration of the voter by which he was enrolled is false; (2) that the voter has died; (3) that he does not reside in the election district wherein he was enrolled and may cancel, under subdivision 2 of said section, the enrollment of any person who is not in sympathy with the principles of the party under which he is enrolled if it is found by court or justice that the determination of the county chairman, made in an appropriate proceeding, that such is the fact, is just. The statute does not prohibit any one from attempting to procure the nomination of any qualified voter in the primary of any or all parties, whatever the motive may be in so doing. It is limited to purging the enrollment list of a party by canceling the names of those who have died or left the district or who are out of sympathy with the principles of the party or who have made a materially false statement in their enrollment declaration. The voter's name cannot be stricken from the enrollment unless it comes within one of the aforesaid provisions. It is not necessary, therefore, to determine in this proceeding whether or not any conspiracy existed to procure the nomination of the candidates upon said Democratic ticket in the Socialist primary. I do not pass upon that question. In justice to the candidates upon the Democratic ticket, I must say that there is no direct evidence that any of them in any way participated in procuring the enrollment of the defendants, or any of them, as members of the Socialist party. It may well be that some over-zealous adherents of the local Democracy had a hand in the matter as nearly all of the defendants were previously enrolled Democrats. Their conversion to socialism in such numbers at the same time is either miraculous or highly suspicious.

All of the defendants at the time of enrolling declared their allegiance to the Socialist party in the following language: " I, * * *, do solemnly declare * * * that I am in general sympathy with the principles of the party which I have designated by my mark hereunder [Cross X marks appear under the emblem of the Socialist party in each enrollment blank]; that it is my intention to support generally at the next general election, State or

National, the nominations of such party for State or National Offices."

The principles of the Socialist party, as testified to by Mr. Endres, are as follows: " *The principles of the Socialist Party include that every member who wants to belong to the Socialist Party subscribes to the aim of nationalizing all of the important industries and all of the productive and large distributive enterprises for the purpose of making available to all of the people on equal terms the product of the efforts of the people of the entire country. It believes that a step towards that is the increasing of the income tax and inheritance taxation. It believes that when people find themselves without the means of earning a livelihood that it is the concern of the entire nation to relieve that situation by unemployment insurance if the people cannot find work.*

" *We believe that the resources of the entire country should be returned to the custody of the entire nation that no one or no set of persons should control that which the majority of all the people depend upon to make a living.*"

The county chairman was correct in determining that the defendants hereinafter named were never in sympathy with the principles of the Socialist party, and that their aforesaid declarations that they were in sympathy therewith, made at the time they enrolled as Socialists, were materially false, and that their names should be canceled on the enrollment of the Socialist party of the city of Utica and county of Oneida, and his determination in that regard, upon all of the evidence herein, was just.

Said defendants are as follows: Rose Mangano, Edwardo Brillante, James DeFazio, Paul Mangano, Anthony Lisandrelli, Mike Pelletiere, Theresa Dacunde, Jos. Zangrone, Catherine Zangrone, Mary Pelletiere, Rose Alicandro, Frank Pucine, Jennie Pecheon, Lucy Fiore, Rocco Schiavone, Indiana Peale (also known as Idane Paola), Jos. Bertelli, John J. Louis, Jos. DeCrisci, Henry Lewindowski, Mary Demars, Henry Emden, Thos. McLock, Grace McLock, Anthony Tofolo, Freida Spies, Rose Esposito.

The name of John Belle should be canceled upon the enrollment of the Socialist party of the city of Utica, county of Oneida, under subdivision 1 of section 332 of the Election Law, for the reason that said Belle made a materially false statement in his declaration as to his residence, there being no building or residence of any kind at the address given in his enrollment declaration.

Petitioner is entitled to an order directing that the enrollment of each of the aforesaid defendants be canceled forthwith, and that said defendants be restrained from voting in the Socialist primary, September 15, 1931, and that the election officers in charge of the Socialist primary of the city of Utica, county of Oneida, be restrained

from receiving the ballot of any person whose name has been ordered canceled herein.

The determination of the said county chairman, under subdivision 2 of section 332 of the Election Law, so far as it relates to defendants other than those whose names are immediately above set forth, was not supported by the evidence before him, and upon said evidence and upon all of the evidence submitted herein, I am forced to find that his said determination so far as it relates to them was not just and the proceeding in respect to said defendants must be dismissed. Except as hereinbefore determined, the proceeding, so far as it relates to defendants charged with violating subdivision 1 of section 332 of the Election Law, must be dismissed for failure of proof. Ordered accordingly.