In the Matter of BERNARD G. WALPIN, Petitioner, against WIL-
LIAM J. HEFFERNAN et al., Constituting the Board of Elections
of the City of New York, et al., Respondents.

Supreme Court, Special Term, Bronx County, August 10, 1950.

*Jack E. Levine* for petitioner.

*Joseph A. Brust* for Louis A. Mendelsohn, respondent.

*John P. McGrath, Corporation Counsel* (*Thomas W. A. Crowe*
of counsel), for Board of Elections of the City of New York,
respondent.

DI FALCO, J. This is a proceeding pursuant to section 330 of
the Election Law for an order declaring as valid the designating
petitions filed by petitioner for nomination in the Democratic
party primaries for the public office of member of Assembly,
Third Assembly District, County of Bronx, City of New York,
and for additional relief.

The preliminary objections raised by respondent objector are
overruled as the necessary parties to the proceeding were served
with process (*Matter of Swan* v. *Cohen,* 179 Misc. 69, affd. 262
App. Div. 956, affd. 286 N. Y. 678). The cases cited by respondent
objector involve proceedings to invalidate designating petitions
and are not applicable.

In October, 1949, at the time of registration petitioner enrolled
as a Democrat. Early in July, 1950, his claim to be a Democrat
was challenged and on July 7th proceedings were initiated by the
Democratic party county committee of Bronx County, and after
a hearing a determination was made; thereafter a proceeding
was duly instituted to cancel the enrollment. This proceeding

came on to be heard in this court and a decision and order was made and entered as hereafter more fully appears.

In the interim petitioner Walpin on July 18, 1950, caused to be filed a designating petition purporting to designate him as a candidate for nomination of the Democratic party for the office of member of Assembly, Third Assembly District, County of Bronx, to be voted for at the primary election to be held on August 22, 1950.

On July 21, 1950, an objection was duly filed to said designating petition. On July 27th specifications were duly filed with the board of elections setting forth among other things that the petitioner was not validly enrolled as a member of the Democratic party.

Mr. Justice RABIN found that the said Walpin was not a duly enrolled Democrat and canceled his enrollment as a member of the Democratic party. (*Matter of Mendelsohn* v. *Walpin*, 197 Misc. 993.) The decision of Mr. Justice RABIN is controlling and is binding upon the parties and on this court. Accordingly as the petitioner, Walpin, is not such a person as is qualified to file a valid petition under subdivision 1 of section 137 of the Election Law, and the petition filed for the purpose of designating him as a candidate for a party nomination at the Democratic primary is invalid, the relief demanded by the petitioner must be and is in all respects denied.