Order affirmed, without costs. No opinion. Adel, Sneed and Wenzel, JJ., concur; MaeCrate, J., not voting; Nolan, P. J., dissents and votes to reverse the order and to grant the application, with the following memorandum: In October, 1949, at the time of registration, appellant elected to enroll in the Democratic party and was, thereafter, so enrolled. On July 18, 1950, and while his name still appeared on the enrollment list as a member of the Democratic party, petitions were filed, signed by many more than the requisite number of duly enrolled voters of that party, designating appellant as a candidate for nomination by that party for the office of Member of Assem *948 bly, Third Assembly District, Bronx County, to be voted for at the coming primary election. On August 4, 1950, by order of the Supreme Court, Bronx County, appellant’s enrollment as a member of the Democratic party was can-celled, pursuant to the provisions of subdivision 2 of section 332 of the Election Law. As a consequence, it has been held, by the order appealed from, that the petitions designating appellant as a candidate for party nomination are invalid, pursuant to subdivision 1 of section 137 of the Election Law. In my opinion that determination is erroneous. Subject to such restrictions or limitations as may be validly imposed by the Legislature, the duly enrolled voters of a political party have the absolute right to designate any qualified person of their choice as a candidate for party nomination at a primary election (N. Y. Const., art. I, § 1; Election Law, §§ 134-135; Matter of Burke v. Terry, 203 N. Y. 293; Matter of Hopper v. Britt, 204 N. Y. 524; Matter of Callahan, 200 N. Y. 59). Except insofar as that right is limited by statute, they may designate, as such candidate, a person who is not a member of their party, or who is not in sympathy with its principles. The only limitation upon such a designation is found in subdivision 1 of section 137 of the Election Law, which provides that no such designating petition shall be valid unless the person so designated shall be enrolled as a member of the party referred to at the time of the filing of the petition. Concededly appellant’s name appeared upon the enrollment list at the time of the filing of the petitions, and that enrollment was not cancelled until the following month. Unless the cancellation of the enrollment on August 4th had the effect of voiding it as of a date prior to July 18, 1950, it would seem to follow that appellant was lawfully designated as a candidate for party nomination. In my opinion the cancellation of appellant’s enrollment had no such retroactive effect. Section 332 of the Election Law does not so provide and it does not appear that the Legislature had any such intent in enacting that statute. A voter is enrolled as a member of a political party when a record is made by the board of elections of his party affiliation by entry thereof in the proper registers. (Election Law, § 186.) The records so made constitute the enrollment lists of the various political parties. The lists may be amended or corrected, in accordance with the Election Law, but a voter’s name cannot be stricken from the enrollment except as provided in section 332 of that statute. The purpose of that section was not to prevent the voters of a party from seeking to nominate the candidate of their choice, even though he might not be a member of their party. At the time of its enactment there was no such limitation upon the right to designate candidates for party nomination. It was intended merely to provide the means of purging the enrollment list of a party by canceling the names of those who have died or left the district, or who are out of sympathy with the principles of the party, or who have made material false statements in their enrollment declarations. (Matter of Newkirk, 144 Misc. 765.) When such names have been cancelled, by appropriate proceedings under the statute, its purpose is effected, and an order made in such a proceeding does not have the effect of a determination that at some prior time the voter whose enrollment has been cancelled was ineligible for party membership. At the time of the filing of his designating petitions appellant was enrolled as a member of the Democratic party, within the meaning of the pertinent provisions of the Election Law. (This appeal was transferred from the First Department to the Second Department under section 618 of the Civil Practice Act, pursuant to an order made on the 11th day of August, 1950, ante, p. 946.) [197 Misc. 989.]