In the Matter of SAMUEL I. BERMAN, Petitioner, against WILLIAM J. HEFFERNAN et al., Constituting the Board of Elections of the City of New York, et al., Respondents.

Supreme Court, Special Term, Kings County, October 19, 1945.

*Abraham J. Multer* and *John P. McGrath* for petitioner.

*Ignatius M. Wilkinson, Corporation Counsel (Russell L. Tarbox* of counsel), for William J. Heffernan and others, constituting the Board of Elections of the City of New York, respondents.

*George Frankenthaler, Matthew Levy, Charles Pokorny* and *Abraham Roth* for George J. Beldock, respondent.

STODDART, J. This proceeding under section 330 of the Election Law is brought for the purpose of questioning the sufficiency of

the petition designating Abraham M. Roth for District Attorney of Kings County as the so-called Liberal Party candidate.

George I. Beldock, the Republican Party candidate, has been substituted for candidate Roth. If the latter's petition is insufficient under sections 135 and 137 of the Election Law, the substitution is worthless.

Section 137 requires 5,000 valid signatures on an independent nominating petition for a public office in the city of New York which is to be filled by the voters of a county or borough. The petition herein contains 11,788 signatures. Of this number it is conceded by counsel that 1,880 are invalid. One thousand three hundred and forty-two more signatures are claimed to be forgeries and I so find since with respect to those signatures no contradictory proof was offered. The experts disagreed as to 333 other signatures but after a personal inspection of the registration books and a comparison of the signatures therein with the petition, I find that 181 are forgeries. I find that 1,324 signatures are invalid for various reasons. To enumerate a few of the defects there were errors in the statement of election or assembly districts, residential defects, affidavits of subscribing witnesses which were sworn to prior to the date the signatures were obtained, wrong county set forth in subscribing witnesses' affidavit, omission of name in body of affidavit, and incorrect totaling of number of signatories. Ninety signatures I hold to be invalid as the subscribing witness who had changed his name by court order had failed to indicate that fact in his affidavit. Twenty-six signatures are invalid as the signers had at the time of signing the petition no intention of supporting the named nominee. With respect to 905 signatures solicited by relatives and friends of George I. Beldock, those signatures were fraudulently obtained and therefore invalid. These solicitors knew George I. Beldock was to be the candidate. If they revealed that fact to the signer, the signature should be disregarded as the signer had no intention of supporting the nominee designated on the petition. If they failed to reveal that fact to the signers, the solicitors procured the signatures by fraud. Three hundred and fifty-five signatures are invalid because the subscribing witnesses did not swear to their affidavits before the notary whose signature appears on those sheets of the petition.

The number of invalid signatures mentioned above total 6,103. The hearing in this proceeding started on September 25th and continued for eighteen days. More than 100 witnesses testified. Many more signatures were claimed to be invalid upon which

decision was reserved by the court as the novel questions presented required research. The result of that research need not be stated for a situation has now arisen which makes that unnecessary. Section 137 (subd. 4) provides: " * * * The name of a person signing such a petition for an election for which voters are required to be registered shall not be counted if such person, on one of the days of registration, in such year, is not registered as a qualified voter * * *."

Whether or not the signatures on this petition were registered could not be ascertained until October 14th, and it now appears, without much contradiction, that more than 6,600 signatories on the petition have not registered, and 446 have not registered in the district specified in the petition. While undoubtedly some of the nonregistered or improperly registered signatories have been declared invalid for reasons heretofore stated, the petition would have to be declared invalid on the failure of that number (7,046) to register even if the other questions involved be disregarded. Application granted.