In the Matter of MOLLIE WERBEL, Petitioner, against HYMAN GERNSTEIN et al., Respondents.

Supreme Court, Special Term, Kings County, March 23, 1948.

*Neil M. Lieblich* and *Harold L. Fisher* for petitioner.

*George Rosling* for John J. Dorman, as chairman of Kings County Committee of the Democratic Party, respondent.

*Milton H. Friedman* for Hyman Gernstein and others, respondents.

*John P. McGrath, Corporation Counsel,* for Board of Elections of the City of New York, respondents.

POWERS, J. The petitioner seeks to cancel the enrollment of the respondents in the Democratic Party.

Reduced to simplicity the single matter herein to be determined is, are the respondents in truth and in fact in sympathy with the principles of and entitled to remain enrolled as members of the Democratic Party in Kings County.

Political parties have existed in this Nation from its very first days. This Nation has grown and its course of existence has been influenced by the political philosophies of generally two major political parties. Their political philosophies have been peculiar to this Nation, born of necessity and having as their principal objective the dignity of man. Through rugged strength, sincerity and honesty of purpose, this Nation grew and prospered under the aegis of one or the other of the two major political parties. From time to time minor political parties arose only to fade and pass out of existence.

Through the course of time political parties became an integral part of American life. No one can doubt that government — village, town, city, State, Nation — is indirectly or directly influenced by political parties through the election of members of such parties in offices of responsibility based upon representations to the people of political philosophies as expressed in platforms or other declarations however they may have been formulated but generally understood by the electorate. Thus, through the advance of years, the government, State and Nation, gave recognition to political parties and conferred upon them certain rights, privileges and restraints with respect to their own self-government. These have been, in our State, expressed in statutes.

Attempts have been made to transfer political philosophies of other nations to this Nation. Such political philosophies are foreign to the pioneer political philosophies of this Nation and so far have not generally met with popular favor.

A condition of membership in a political party is the sympathy with its principles and the purpose of fostering and effectuating them.

In times past a member of one political party could, under the provisions of the then existing laws, enter the primaries of and secure by a majority vote the nomination to party or governmental office of another political party.

The Legislature of this State in its wisdom enacted the Wilson-Pakula Law (Election Law, § 136-a; L. 1947, ch. 432) by virtue of which it sought to restrict, according to its terms, the manner in which one could or could not invade the political party of which one was not a member to obtain party or public office. Its purpose was to protect the integrity of political parties and to prevent the invasion into or the capture of control of political parties by persons not in sympathy with the principles of such political parties. The constitutionality of such legislation has been sustained (*Ingersoll* v. *Curran*, 297 N. Y. 522).

A hearing according to law, party rules and regulations has been accorded by the Democratic Party of Kings County to the respondents and a finding has been made by a subcommittee that the respondents are not in sympathy with the principles of the Democratic Party and that their enrollment as such should be cancelled in the manner prescribed by law. The facts with respect to the political sympathies of the respondents were developed on the hearing held before the aforesaid subcommittee and on the hearing in court.

It appears the designating petitions were ordered by one Tully, an American Labor Party member, obtained and paid for by him. They were distributed and collected at the American Labor Party headquarters. The signatures were very largely obtained by American Labor Party enrollees and most of the verifications were made by notaries public who were American Labor Party enrollees. Members of the American Labor Party who participated in obtaining the execution of the signatures came not only from the Twenty-fourth Assembly District but from other assembly districts of Kings County.

After the petitions were signed, the names of the county committeeman candidates were added. The testimony before the subcommittee appointed by the chairman of the Democratic Party of Kings County indicates the motivating reason for the petitions was to help Samuel Kaplan, an American Labor Party member of the Assembly from the Twenty-fourth Assembly District, Kings County. Certainly persons imbued with the principles of the Democratic Party would not be actively engaged

in an effort having for its ultimate purpose to help a candidate or prospective candidate of the American Labor Party. To me the political ideologies of the Democratic and American Labor Parties in Kings County at the present time are so different as to be irreconcilable. In this respect the courts may be presumed to know what everyone else knows and to take judicial notice of matters of common knowledge. I do not see how a person can in honesty embrace both at the same time. To accomplish the purpose of helping Mr. Kaplan, the respondents could only succeed by capturing unto themselves and their associates the control of the Democratic Party organization in the Twenty-fourth Assembly District.. What they could not do directly in the primaries they could do indirectly through their functioning of the Democratic Party organization. Thus, they would frustrate the purposes of the Wilson-Pakula Law.

The fact that Hyman Gernstein and Dotty Goldsmith enrolled in 1946, as members of the American Labor Party and in 1947, as members of the Democratic Party may have the significance of indicating a change in political loyalties or, as I believe, to qualify in a participation in a large conspiracy with others, while masquerading as Democrats but in fact being members of the American Labor Party, to capture the organization of the Democratic Party in the Twenty-fourth Assembly District, Kings County, to serve the purpose of assisting candidates of the American Labor Party in general elections.

The actions of the respondents considered alone may not have a sinister appearance but when considered with the actions of others, the enterprise in which all were engaged and the achievement sought leads to the inevitable conclusion that there existed a common plan and scheme by the members of the American Labor Party to capture and control the local Twenty-fourth Assembly District Democratic Party organization.

Examination may not be made into the hearts and minds of people to ascertain their thoughts and sympathies. Deceit often indicates that words do not truly disclose true thoughts and sentiments. But actions often belie words. In this case, it is more the actions of the respondents rather than their words which indicate their true political sympathies.

The respondents are free to exercise all of their franchise rights but where they do so with respect to a political party they must exercise such rights within the political party where by words or deeds they have indicated they are in sympathy. Where one seeks to help a candidate of one political party to succeed and to help defeat the candidate of another political

party, such person must by common sense be held to be in sympathy with the political party of the candidate whose success is promoted. So, in this case, the respondents must be held to be in sympathy with the American Labor Party.

In a companion consolidated motion, the petitions to nominate Dotty Goldsmith, as member of the State committee, female, and others as members of the county committee, were declared null and void by this court on the ground that fraud had been perpetrated upon enrolled voters who signed such petitions and upon the persons whose names were used for the purpose of nominating them to the office of county committeemen. This is an added element to the other elements heretofore recited in showing the scope, purpose and manner of the promulgation of the designating petitions.

The hearings held by the Democratic Party were in accordance with the proper provisions of law. Four respondents were present and five represented by counsel. One of the respondents, Wittek, received his notice but had a conflicting engagement and did not personally appear at such hearing although given sufficient and proper notice thereof. All five appeared by counsel before me. The remaining sixth respondent, Cohen, claims he did not receive his notice at all as he was in Florida at the time the notice was sent out. That being so, under the circumstances, it cannot be reasonably held that Cohen was given a fair and reasonable opportunity to be present and represented at the hearings.

The respondents have been found by the Democratic Party not to be in sympathy with the principles of such party. The entire record sustains such a finding. The prayer for relief is granted and the names of the respondents Hyman Gernstein, Dotty Goldsmith, Abraham Warshawsky, Bernard Geller and Seymour Wittek, are hereby ordered stricken from their enrollment as members of the Democratic Party in Kings County. The petition is denied with respect to respondent Julius Cohen for the reasons hereinabove recited, without prejudice, however, to a renewal of the petition upon submission of proper papers evidencing a hearing was duly accorded to Mr. Cohen at a time, place and in a manner that he may appear thereat if he be so advised.