In the Matter of LEONARD FARBSTEIN et al., Appellants, *v.* FLORINDA SUCHMAN et al., as Committee to Fill Vacancies, et al., Respondents.

First Department, June 10, 1970.

*Richard L. Aronstein* for appellants.

*Abraham M. Fuss* of counsel (*Morrison & Fuss,* attorneys), for respondents.

*Per Curiam.* These two consolidated proceedings have been initiated, one by petitioner-appellant Farbstein, incumbent Congressman and candidate in the Democratic primary election, and the other by petitioner-appellant Tolub, enrolled member of the Liberal Party, to void a designating petition filed in behalf of one Gottehrer, an enrolled Democrat, for the same office in the Liberal primary election, and to void the substitution by Gottehrer's committee on vacancies of respondent-respondent Farber for Gottehrer, after the latter's declination. The facts were stipulated at Special Term. A chronological summary of the events leading to this litigation starts with the solicitation, commencing before May 4, 1970, by adherents of Gottehrer of the requisite signatures to place him on the primary ballot. Prior thereto, the appropriate committee of the Liberal Party pursuant to its rules (so conceded on argument) had authorized Gottehrer, along with other candidates for other offices, all strangers to the party, to enter its primary (Election Law, § 137, subd. 4). Though signature of the notary is missing from the required acknowledgment by the appropriate party officers on the authorization form, such omission was a mere formality, supplied by the filed stipulation as to the notary's testimony, and we hold that there has been substantial statutory compliance in respect thereof.

On May 4, Gottehrer announced his withdrawal from the primary, which statement was conceded on argument to have been publicly disseminated by the following day. Nevertheless, the solicitors continued to glean signatures and a petition in his behalf was filed with the Board of Elections on May 7. On May 12, he filed his declination (Election Law, § 139, subd. 1), and this was followed on May 14 by the filing of the formal substitution, by the committee on vacancies named in the petition, of Farber for Gottehrer as a candidate, together with Farber's acceptance thereof (Election Law, § 140, subds. 1, 4 and 5), as well as a new authorization by the Liberal Party's committee for Farber, the Republican, to run in that party's primary.

We do not read subdivision 1 of section 139, as appellants urge, to require that, to make his declination effective, Gottehrer was first obliged to file an acceptance of the party's authorization, particularly where, as here, he had publicly evinced an opposite intention. By filing the declination alone, he carried

out his purpose completely. We do find, however, that the circumstances attendant upon solicitation of signatures to the Gottehrer petition and its filing in his behalf lead to an inference, as claimed by petitioners-appellants, that a fraud was perpetrated thereby upon signatory enrolled members of the Liberal Party. Indeed, the filed stipulation recites that 22 such persons, prospective witnesses, would not have signed the petition had they known of the projected substitution. This is not the ordinary situation where a named nominee, who has been designated by a petition, thereafter declines for whatever reason he may have. It more closely resembles the situation found in *Matter of Berman* v. *Heffernan* (185 Misc. 746, affd. 269 App. Div. 952, affd. 295 N. Y. 593), wherein solicitation continued and filing took place after it was known that the named nominee, a party member, would decline and another, a nonmember, would be substituted for him. To permit the petition to stand in these circumstances would be to circumvent the central purpose of the scheme of direct primary elections. (See *People ex rel. Coffey* v. *Democratic Gen. Committee,* 164 N. Y. 335; *Matter of Werbel* v. *Gernstein,* 191 Misc. 275, affd. 273 App. Div. 917; *Matter of Zuckman* v. *Donahue,* 191 Misc. 399, mod. 274 App. Div. 216; and, as to the improper use of declinations, *Goldblatt* v. *Heffernan,* 65 N. Y. S. 2d 823, affd. 271 App. Div. 791.)

The Gottehrer petition being invalid, the proceedings thereafter were a nullity and should be vacated accordingly.

Therefore, the orders entered June 8, 1970, denying the applications of petitioners-appellants to invalidate the designating petition, for the primary election of the Liberal Party to be held June 23, 1970, heretofore filed in behalf of Barry Gottehrer as a candidate for nomination for the office of Representative in Congress, 19th Congressional District, and the certificate of substitution for said candidate of respondent-respondent Barry Farber for said office in said primary election, filed in behalf of that substitute candidate, should be reversed on the law and the facts, the applications granted, and the said petition and certificate of substitution invalidated and declared null and void, without costs or disbursements.

STEVENS, P. J., McGIVERN, MARKEWICH and STEUER, JJ., concur.

Orders entered on June 8, 1970, unanimously reversed on the law and the facts, without costs and without disbursements, the applications granted, and the petition and certificate of substitution invalidated and declared null and void.