◼ In the Matter of KENNETH HARFENIST, Respondent, v GEORGE D. SALERNO et al., Constituting the New York State Board of Elections, Appellants. — Appeal from a judgment of the Supreme Court at Special Term (Hughes, J.), entered September 1, 1982 in Albany County, which granted petitioner's application in a proceeding pursuant to section 16-102 of the Election Law, to declare valid designating petitions, and the certificates of authorization filed thereon, naming petitioner as the Republican Party candidate for the office of State Senator from the 38th Senate District in the September 23, 1982 primary election. On August 10, 1982, petitions were filed with the respondent State Board of Elections (board) designating petitioner as the Republican candidate for the office of State Senator from the 38th Senatorial District, which is comprised of the County of Rockland and part of the County of Orange. Since petitioner was not an enrolled member of the Republican Party at the time the petitions were filed,[*] two certificates of authorization were also filed on his behalf pursuant to subdivision 3 of section 6-120 of the Election Law. One certificate was provided by the Orange County Republican Committee and the other by the Rockland County Republican Party Executive Committee. Petitioner executed and duly filed his acceptance of the Republican designation. No objections to the petitions, certificates of authorization or the acceptance were made by any party. The board, however, notified petitioner that it was invalidating the designating petitions on the ground that a proper certificate of authorization had not been filed. According to the board, the rules of the Republican State Committee provide that the proper authorizing committee for a senate district extending beyond county lines is a committee comprised of two representatives from each county in the district and that the authorization must be arrived at by weighted voting. Since an authorization of the proper committee was not provided, the board concluded that petitioner's designation was null and void. Petitioner then commenced the instant proceeding to validate the designation and Special Term granted the application finding that the certificates of authorization filed were proper on their face and that the board had exceeded its authorized powers by examining and interpreting the rules of the State committee and concluding that the authorization provided on petitioner's behalf was not in conformity with the rules. This appeal by the board ensued. The judgment of Special Term should be affirmed upon the ground that the filing of the certificates of authorization provided by the respective county committees substantially complied with the requirements of subdivision 3 of section 6-120 of the Election Law and the applicable rules of the Republican State Committee. The purpose of both the statute and the rules is to ensure that the party committees representing the political subdivisions of the office for which the designation is to be made have authorized the person designated to be a candidate for their party's nomination. Here, the Republican county committees of both Orange and Rockland Counties, which are the only two political subdivisions comprising the senatorial district in question, have provided certificates authorizing the candidacy of petitioner. This, in our view, satisfies the requirements of the law especially where, as here, no issue

* Although petitioner apparently enrolled in the Republican Party in July of this year, such enrollment is not effective until after the general election (Election Law, § 5-304).

is raised as to the subject authorizations expressing the will of the party committees of the political subdivisions involved (see, e.g., *Matter of Wydler v Cristenfeld,* 35 NY2d 719, 720). We need reach no other issue. Judgment affirmed, without costs. Kane, J. P., Main, Mikoll, Weiss and Levine, JJ., concur.