OPINION OF THE COURT
Harry Edelstein, J.
This is a proceeding to invalidate and declare null and void certain certificates of authorization designating respondent *885 William F. Griffith, Jr., as a candidate for Assembly for the 93rd Assembly District in the Republican primary to be held on September 9, 1986.
The essential facts are largely undisputed. On June 2, 1986, a meeting was held which alleged that one Joseph G. Dodge, Jr., was the presiding officer. At this meeting, it is further alleged that respondent Griffith, a registered and enrolled member of the Conservative Party, was authorized to be designated as the Republican candidate for Assembly in the 93rd Assembly District pursuant to Election Law § 6-120.
On June 14, 1986, Dodge died. On or about July 13, 1986, a purported certificate of authorization was filed by Robert R. Simon and Joseph Halfon. These two individuals are the presiding officers and chairmen of the Town of Orangetown and Town of Ramapo Republican Committees, respectively. Additionally, this certificate of authorization was acknowledged and subscribed by Rhoda I. Halfon, caucus secretary.*
Petitioner contends that the certificate of authorization does not meet the requirements of Election Law § 6-120 (3). As relevant to the instant dispute, the statute provides in relevant part that "The certificate of authorization shall be signed and acknowledged by the presiding officer and the secretary of the meeting at which such authorization was given.” Respondents contend that petitioner lacks standing to challenge the subject authorization and, further, that the authorization complies with the provisions of the subject law. Consequently, respondents cross-move to dismiss the petition.
Initially, the court notes that petitioner lacks standing to challenge the authorization of Election Law § 6-120 (3). (See, Matter of Wydler v Christenfeld, 35 NY2d 719, 720.)
Notwithstanding the fact that petitioner lacks standing in this case, an examination of the merits of the petition does not dictate an opposite conclusion. The purpose of the statute has not been frustrated. Through the use of the directive command that the certificate of authorization shall be signed by the presiding officer, the court is of the view that the signature is merely a ministerial act. Consequently, the signa *886 tures executed by Robert R. Simon and Joseph and Rhoda Halfon, all of whom were present at the June 2,1986 meeting, are sufficient to satisfy the governing statute.
Under the circumstances, the requirements of the law have been met, especially where, as here, no issue is listed as to the subject authorization expressing the will of the party committee of the political subdivision involved (see, Matter of Wydler v Christenfeld, supra, p 720; see also, Matter of Harfenist v Salerno, 89 AD2d 1032, 1033).
Accordingly, the petition should be dismissed, and the cross motion is, therefore, granted.

 A second purported certificate of authorization, signed by Samuel J. Abate, as presiding officer, and Harriett T. Dusanenko, as secretary of the Executive Committee of the Rockland County Republican Committee, was also acknowledged and signed on July 14, 1986. In view of the court’s decision as hereinafter set forth, any issue concerning the validity of this certificate of authorization need not be addressed.