■ In the Matter of KATHERINE E. BONELLI, Appellant, v SUSAN BAHREN et al., Respondents, and RONALD JURAIN et al., Respondents. [602 NYS2d 62] —In a proceeding to invalidate a Certificate of Authorization designating Ronald Jurain as a candidate of the Democratic Party in a general election to be held on November 2, 1993, for the public office of Supervisor of the Town of Blooming Grove, the appeal is from a judgment of the Supreme Court, Orange County (Silverman, J.), dated August 25, 1993, which dismissed the proceeding.

Ordered that the judgment is affirmed, without costs or disbursements.

Preliminarily, there is a question of whether the petitioner-appellant Katherine E. Bonelli, the current Supervisor of the Town of Blooming Grove, who is running for reelection as the candidate of the Republican Party, has standing to institute this proceeding. Since the appellant is a registered voter in Blooming Grove and thus eligible to vote for public office, standing is conferred on her by Election Law § 6-154 (2).

The appellant argues that the Certificate of Authorization is defective within the meaning of Election Law § 6-120 (3). That statute provides that the members of a party committee may authorize the designation of a nonparty member as a candidate for office, if at a meeting called for such purpose a quorum is present and the majority vote in favor of the designation.

The Certificate of Authorization at issue is fatally defective, according to the appellant, because it states on its face that there are 16 members of the Democratic Committee of Blooming Grove, and that only eight members were present at the June 14, 1993, meeting and voted for the resolution pertaining to Ronald Jurain's candidacy. Thus, the appellant argues, since a required quorum of nine was not present at the meeting, the Jurain resolution is null and void.

Jurain and the other respondents counter that the written notation of 16 committee members appearing on the Certificate of Authorization at issue is a clerical error. There were only 15 committee persons on the Democratic Committee of Blooming Grove on June 14, 1993. The Chairman of the Committee merely miscounted the names on the Committee List and recorded the incorrect number on the Certificate. The respondents conclude that since this was an inadvertent error in the commission of a ministerial act, without any intent to defraud or deceive, it should be considered harmless, particularly because a quorum of eight (out of 15) members was present at the meeting and voted for the candidacy.

We agree with the Supreme Court that the error committed in the process of completing the ministerial act of writing in a number on the Certificate of Authorization does not invalidate the Certificate (see, Matter of Friedman v Lefever, 132 Misc 2d 884). To hold otherwise would defeat a primary purpose of Election Law § 6-120 (3), i.e., to safeguard the integrity of the electoral process and not to defeat elections. Of paramount importance is that the will of the party committee of the political subdivision involved is expressed (see, Matter of Wydler v Cristenfeld, 35 NY2d 719, 720; Matter of Harfenist v Salerno, 89 AD2d 1032, 1033; Matter of Friedman v Lefever, supra, at 886). There is no question that that objective was met here.

We have considered the appellant's remaining contention and find it to be without merit. Mangano, P. J., Sullivan, Miller and Pizzuto, JJ., concur.