■ In the Matter of GRETCHEN B. HAZELL, Respondent, v BOARD OF ELECTIONS OF THE STATE OF NEW YORK et al., Respondents, and BELLE DAVIS et al., Appellants. [637 NYS2d 530] —Per Curiam. Appeal from a judgment of the Supreme Court (Hughes, J.), entered February 9, 1996 in Albany County, which granted petitioner's application, in a proceeding pursuant to Election Law § 16-102, to declare valid the certificate of nomination naming petitioner as the Republican Party candidate for the office of State Senator in the 33rd State Senatorial District in the February 15, 1996 special election.

On January 25, 1996, a timely certificate of nomination and authorization was filed with respondent State Board of Elections (hereinafter the Board) naming petitioner as the Republican Party candidate for the office of State Senator in the 33rd State Senatorial District in a special election to be held February 15, 1996. The certificate was signed by Guy J. Velella over the title Bronx County Republican Chair and Nicholas A. Spano over the title Westchester County Republican Chair. Velella and Spano also included separate affidavits verifying their status as county chair and the effectuation of the certificate. Each affidavit further contained a jurat of a notary public indicating that it had been sworn to on January 24, 1996.

Respondents Belle Davis, Owen I. Lans and Larry Seabrook (hereinafter collectively referred to as respondents) filed objections and specifications to the certificate with the Board, alleging that the certificate was not signed by the appropriate party officials as required by Election Law § 6-156 and that it was not acknowledged as required by Election Law § 6-120. Thereafter, by letter to the Board, Velella indicated that he had been the presiding officer and Spano had been the secretary of "the Nominating and Authorization Meeting held for the Republican Candidates for members of the Senate in the 33rd Senate District for the Special Election to be held on February 15, 1996".

The Board, acting by a single commissioner, Evelyn Aquila, determined that Velella's letter cured any failure to identify the roles of Velella and Spano in signing the certificate. Aquila also determined that the acknowledgement requirement of Election Law § 6-120 (3) had not been met and, as a result, declared the certificate invalid. Petitioner commenced this proceeding to declare that the certificate was valid and to place her name upon the ballot. Supreme Court, finding that the acknowledgment defect was technical in nature and that the

affidavits were sufficient to meet the statutory requirement, granted the petition. Respondents appeal.

The issue presented here is whether the affidavits of the two party chairs sufficiently verify their execution of the certificate to meet the requirements of Election Law § 6-120. The function of an acknowledgment is to establish an authentication of an act and the identity of the actor to prevent fraud (*see,* Real Property Law §§ 298-303; *Garguilio v Garguilio,* 122 AD2d 105; *Matter of Bristol v Buck,* 201 App Div 100, *affd* 234 NY 504). In this regard, a mere jurat would not accomplish this purpose. Here, however, there is more than a mere jurat to the signatures on the certificate. By separate affidavits, the two signatories of the certificate swore to their personal identity and their execution of the certificate before a notary public. The affidavits provided to the notary public contain, in sworn format, all the information required for an acknowledgment of the certificate, i.e., an authentication of the execution of the certificate, the act, and the identity of the signatories. The essential information was provided under oath, an element which is not required for a notary public to correctly and properly take an acknowledgment (*see,* Real Property Law § 303).

Accordingly, as the content and proof required by Election Law § 6-120 (3) was provided to the notary public and attached to the certificate, albeit not in a technical acknowledgement format, Supreme Court did not err in applying the principle set forth in *Matter of Rose v Smith* (220 AD2d 922) in finding that the certificate was properly authenticated. The format error is found by us to be neither a defect invalidating the certificate nor a matter presenting an opportunity for prejudice or possibility of fraud* (*see, Matter of Farbstein v Suchman,* 34 AD2d 272, *revd on other grounds* 26 NY2d 564; *see also, Matter of Hogan v Goodspeed,* 196 AD2d 675, *affd in part, appeal dismissed in part* 82 NY2d 710; *Matter of Friedman v Lefever,* 132 Misc 2d 884, *affd* 122 AD2d 903, *lv denied* 68 NY2d 605). All other issues raised by the parties have been considered and found to be without merit. Accordingly, we affirm.

Cardona, P. J., White, Casey, Peters and Spain, JJ., concur. Ordered that the judgment is affirmed, without costs.

(February 15, 1996)

---

* The testimony of the notary public firmly established that there had been substantial statutory compliance.