■ In the Matter of JAMES G. DiStefano, Appellant, v HELEN M. KIGGINS et al., as Commissioners of Onondaga County Board of Elections, et al., Respondents. [678 NYS2d 416] —Order unanimously affirmed without costs. Memorandum: Petitioner appeals from an order that dismissed his petition and ordered the Onondaga County Board of Elections to certify respondent Joan K. Christensen as the Independence Party candidate for the office of Member of the New York State Assembly for the 119th Assembly District. Supreme Court dismissed the petition on the grounds that petitioner, who was not a registered member of the Independence Party, lacked standing to challenge the validity of the certificate of authorization for Christensen and that, in any event, the certificate of authorization, which incorrectly listed Christensen's Assembly District, substantially complied with the Election Law.

The court erred in determining that petitioner lacked standing. A nonparty member such as petitioner who challenges a certificate of authorization and asserts that he was entitled to the authorization thereunder is an aggrieved candidate under Election Law § 16-102 (1). Thus, petitioner has standing to challenge the validity of the certificate of authorization (*see, Matter of Cane v Mahoney*, 40 NY2d 819, 820).

The court properly determined that the certificate of authorization was valid despite the incorrect designation of Christensen's Assembly District because there was substantial compliance with Election Law § 6-120 (3) (*see, Matter of Venditti v Sernoffsky*, 207 AD2d 951). The typographical error constitutes " 'an innocent violation of some technical requirement having no logical bearing upon the underlying purpose of preventing fraud'[, which] should no longer 'abort candidacies and disenfranchise voters' " (*Matter of Cozzolino v Columbia County Bd. of Elections*, 218 AD2d 921, 923, *lv denied* 86 NY2d 704; *see, Matter of Bonnelli v Bahren*, 196 AD2d 866). That error is "neither a defect invalidating the certificate nor a matter presenting an opportunity for prejudice or possibility of fraud" (*Matter of Hazell v Board of Elections*, 224 AD2d 806, 807, *lv denied* 87 NY2d 808). (Appeal from Order of Supreme Court, Onondaga County, Elliott, J.—Election Law.) Present—Green, J. P., Wisner, Pigott, Jr., Callahan and Boehm, JJ. (Filed Aug. 19, 1998.)