10 N.Y.3d 620 (2008)
891 N.E.2d 285
861 N.Y.S.2d 252
In the Matter of ROBERT MASTER, as Chair of the State Committee and State Executive Committee of the New York State Working Families Party, et al., Respondents,
v.
CHARLES J. POHANKA III et al., Appellants, et al., Respondents.
Court of Appeals of the State of New York.
Argued April 24, 2008.
Decided June 10, 2008.
*621 Vincent J. Messina, Jr., Central Islip, for appellants.
*622 Levy Ratner, P.C., New York City (Kevin Finnegan of counsel), for respondents.
Chief Judge KAYE and Judges CIPARICK, GRAFFEO, READ, SMITH and JONES concur.

*623 OPINION OF THE COURT
PIGOTT, J.
This appeal calls upon us to determine whether Election Law § 6-120 (3) allows a political party's state committee to vest itself with the authority to issue certificates of authorization for county, city or local public offices. We hold that it does.
In February 2006, the Working Families Party of New York State, at a meeting of its State Committee, adopted a party rule that vested the State Committee with the authority to issue certificates of authorization, so-called "Wilson-Pakula certificates,"[1] for county, city and local elections. Specifically, the party rule at issue (art VIII, § 1) provides in pertinent part:
"The authorization (as such authorization is permitted under Section 6-120 of the Election Law) of candidates for any county, city or local office, including offices of towns and villages but excluding city-wide offices of New York City, shall be made by the State Committee, or by the State Executive Committee when the State Committee is not convened."[2]
Shortly thereafter, members of the Suffolk County Committee of the Working Families Party (the County Committee) unsuccessfully sought to prohibit enforcement of the rule (see Matter of Pohanka v Working Families Party of N.Y. State, 30 AD3d 625 [2d Dept 2006], lv denied 7 NY3d 706 [2006]).
Despite the existence of the rule vesting such authority with the State Committee, the County Committee issued Wilson-Pakula certificates authorizing certain nonparty members to appear on the ballot as candidates of the Working Families Party *624 in the September 2007 primary election and the November 2007 general election for various town and county offices within Suffolk County. The Suffolk County Board of Elections accepted the certificates for filing.
Relying on its party rule, the State Committee then commenced this proceeding pursuant to CPLR article 78 and Election Law § 16-102 to invalidate the certificates issued by the County Committee. For reasons not relevant here, Supreme Court granted the County Committee's motion to dismiss the petition, but the Appellate Division later reversed and reinstated the petition (see 43 AD3d 478 [2d Dept 2007]).
On remittal, Supreme Court determined that the Wilson-Pakula certificates issued by the County Committee were null and void and enjoined the County Committee from issuing any further certificates so long as the party rule at issue remained in effect. The Appellate Division affirmed (see 43 AD3d 835 [2d Dept 2007]). Relying on its prior decision in Matter of Pohanka (30 AD3d 625 [2006]), the court held that the State Committee was empowered to amend the party rules to vest itself with the authority to issue Wilson-Pakula certificates for county, city and local public offices. We granted the County Committee leave to appeal and now affirm.
The County Committee principally argues that the party rule vesting the sole authority to issue Wilson-Pakula certificates in the State Committee conflicts with Election Law § 6-120 (3). We disagree.
Generally, courts will not interfere with the internal affairs of a political party (see Bloom v Notaro, 67 NY2d 1048, 1049 [1986]). Indeed, the United States Supreme Court noted that a political party has "discretion in how to organize itself, conduct its affairs, and select its leaders" (Eu v San Francisco County Democratic Central Comm., 489 US 214, 230 [1989]). Thus, "absent inconsistent statutory directives, the duly adopted rules of a political party should be given effect" (Matter of Kahler v McNab, 48 NY2d 625, 626 [1979]).
Article 6 of the Election Law governs the nomination and designation of candidates for election to public office or party position. Under the Election Law, a person designated or nominated as a candidate for public office must be an enrolled member of the political party that so designates or nominates that candidate (see Election Law § 6-120 [1], [2]). If, however, a political party wishes to designate or nominate a person not *625 enrolled as a party member, it must follow the provisions set forth in Election Law § 6-120 (3). That section, also known as the Wilson-Pakula Law, provides, in pertinent part:
"The members of the party committee representing the political subdivision of the office for which a designation or nomination is to be made, unless the rules of the party provide for another committee, in which case the members of such other committee, and except as hereinafter in this subdivision provided with respect to certain offices in the city of New York, may, by a majority vote of those present at such meeting provided a quorum is present, authorize the designation or nomination of a person as candidate for any office who is not enrolled as a member of such party as provided in this section. In the event that such designation or nomination is for an office to be filled by all the voters of the city of New York, such authorization must be by a majority vote of those present at a joint meeting of the executive committees of each of the county committees of the party within the city of New York, provided a quorum is present at such meeting" (emphasis added).
The first part of the cited subdivision outlines the default rule governing the issuance of Wilson-Pakula certificates, namely, that the designation or nomination of nonparty members must be authorized by "[t]he members of the party committee representing the political subdivision of the office for which a designation or nomination is to be made." The subdivision further provides, however, that the "party" may delegate the authority to issue the certificates to "another committee."
Here, the rules of the Working Families Party expressly "provide for another committee," i.e., the State Committee, to have the authority to issue Wilson-Pakula certificates. Thus, the default rule that authorizations are to be given by "the party committee representing the political subdivision of the office for which a designation or nomination is to be made"regardless of whether under these circumstances that committee is the County Committeedoes not control because the "rules of the party" vest such designating/nominating authority in the State Committee. Accordingly, because the Working Families Party rules do not conflict with Election Law § 6-120 (3), they must be *626 respected by the courts and given effect (see Matter of Schiliro v Mazza, 53 NY2d 735, 736 [1981]).
We reject the County Committee's strained interpretation of the statute that the "rules of the party" refer to the rules of the appropriate "party committee" identified in the preceding clause. The County Committee argues that it is the party committee representing the political subdivision(s) at issue and thus its rules govern the authority to issue Wilson-Pakula certificates. Although, under the statutory scheme, the Legislature used the general phrase "rules of the party" and did not specifically identify which committee's rulesthe state committee or the county committeeapply, we conclude that the phrase "rules of the party" plainly refers to the rules of the state party committee. This interpretation is further supported by Election Law § 1-104 (3), which defines "party" as "any political organization which at the last preceding election for governor polled at least fifty thousand votes for its candidate for governor." This definition of "party" focuses on votes cast for governor, a statewide office, thus indicating that a political party is a statewide organization, and not simply a county-based entity.
Finally, contrary to the County Committee's contention, our reading of Election Law § 6-120 (3) is not inconsistent with legislative intent. The purpose of the Wilson-Pakula Law was not to mandate local control of the designation/ nomination process, as the County Committee asserts; rather, its purpose was to prevent the invasion or takeover of the party by outsiders. As one court recognized, the Wilson-Pakula Law was designed "to protect the integrity of political parties and to prevent the invasion into or the capture of control of political parties by persons not in sympathy with the principles of such political parties" (Matter of Werbel v Gernstein, 191 Misc 275, 277 [Sup Ct, Kings County 1948], affd 273 App Div 917 [2d Dept 1948]; see also Matter of Ingersoll v Curran, 188 Misc 1003, 1008 [Sup Ct, Albany County 1947], affd 297 NY 522 [1947]). As such, the law "sought to restrict ... the manner in which one could or could not invade the political party of which one was not a member to obtain party or public office" (Werbel, 191 Misc at 277). Thus, our holding in this case is fully consistent with legislative intent.
The County Committee's constitutional challenge similarly lacks merit (see Mrazek v Suffolk County Bd. of Elections, 630 F2d 890 [2d Cir 1980]) as do its remaining contentions.
*627 Accordingly, the order of the Appellate Division should be affirmed, without costs.
Order affirmed, without costs.
NOTES
[1] A Wilson-Pakula certificate is required for the designation or nomination of a candidate who is not enrolled as a party member.
[2] The state party rules (art XII) also state:

"Except to the extent otherwise provided herein and by law with respect to certain offices to be filled by all the voters of the City of New York, the Working Families Party shall not authorize any County Committee to nominate, designate, or authorize any candidates for public office. That power is reserved for the State Committee and the State Executive Committee."