■ In the Matter of EDWARD POTANOVIC et al., Respondents, v DANIEL FRENCH et al., Appellants, et al., Respondents. [885 NYS2d 90]—

In a proceeding pursuant to Election Law § 16-102, inter alia, to invalidate certain so-called Wilson-Pakula certificates (*see* Election Law § 6-120 [3]) issued by the Conservative Party Committee of the Town of Beekman authorizing certain persons who were not enrolled as members of the Conservative Party to appear as candidates on the ballot in a primary election to be held on September 15, 2009, the appeal is from a final order of the Supreme Court, Dutchess County (Brands, J.), dated August 11, 2009, which, in effect, granted the petition, invalidated the certificates, and directed the Dutchess County Board of Elections not to place those candidates' names on the ballot.

Ordered that the final order is affirmed, without costs or disbursements.

Election Law § 6-120 (3) provides, in relevant part, as follows:

"[t]he members of the party committee representing the political subdivision of the office for which a designation or nomination is to be made, unless the rules of the party provide for another committee, in which case the members of such other committee . . . may, by a majority vote of those present at such meeting provided a quorum is present, authorize the designation or nomination of a person as candidate for any office who is not enrolled as a member of such party."

Contrary to the appellants' contention, there is no conflict between the rules and regulations of the Conservative Party Committee of Dutchess County (hereinafter the County Committee) and the rules and regulations of the Conservative Party Committee of the Town of Beekman (hereinafter the Town Committee). Rather, section 7.2, article VI of the rules and regulations of the Town Committee provides, in relevant part, that "[a] duly organized and recognized town or city party may nominate and designate a non-enrolled Conservative candidate for any town office," while section 7.2, article VI of the rules and regulations of the County Committee provides, in relevant part, that "[a]ny town or city candidate who is duly screened and nominated and . . . who is not an enrolled member of the Conservative Party must be authorized by the County Committee during a Wilson/Pakula meeting." These rules establish that the Town Committee has the right to nominate or designate a nonparty candidate for a town office, but that candidate must be authorized by the County Committee during a Wilson-Pakula meeting (*see* Election Law § 6-120 [3]; *Matter of Conroy v State Comm. of Independence Party of N.Y.*, 10 NY3d 896, 897 [2008]; *Matter of Master v Pohanka*, 10 NY3d 620, 625-626 [2008]).

Here, the Town Committee nominated and designated its nonparty candidates. It thereafter filed Wilson-Pakula certificates with the Dutchess County Board of Elections (hereinafter the Board of Elections) without seeking to have the nonparty candidates authorized by the County Committee. Accordingly, the Supreme Court properly, in effect, granted the petition, invalidated the certificates, and directed the Board of Elections not to place those candidates' names on the ballot. Skelos, J.P., Florio, Covello, Balkin and Austin, JJ., concur.