# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**820**

**CAE 13-01365**

PRESENT: SCUDDER, P.J., SMITH, PERADOTTO, WHALEN, AND MARTOCHE, JJ.

---

IN THE MATTER OF ROBERT K. BANKOSKI,
PETITIONER-APPELLANT,

V                                          MEMORANDUM AND ORDER

NORMAN P. GREEN AND BRIAN ABRAM, CONSTITUTING
CHAUTAUQUA COUNTY BOARD OF ELECTIONS, LARRY J.
BARMORE, VINCENT W. HORRIGAN AND ANNA M. WILCOX,
AS PRESIDING OFFICER OF AUTHORIZATION MEETING,
RESPONDENTS-RESPONDENTS,
ET AL., RESPONDENTS.

---

JEFFREY A. SHEVLIN, JR., STOCKTON, FOR PETITIONER-APPELLANT.

LAW OFFICES OF MICHAEL ROBERT CERRIE, DUNKIRK (MICHAEL ROBERT CERRIE OF COUNSEL), FOR RESPONDENT-RESPONDENT NORMAN P. GREEN.

GOODELL & RANKIN, JAMESTOWN (ANDREW W. GOODELL OF COUNSEL), FOR RESPONDENT-RESPONDENT BRIAN ABRAM.

ERICKSON WEBB SCOLTON & HAJDU, LAKEWOOD (PAUL V. WEBB, JR., OF COUNSEL), FOR RESPONDENTS-RESPONDENTS LARRY J. BARMORE AND VINCENT W. HORRIGAN.

MICHAEL J. SULLIVAN, FREDONIA, FOR RESPONDENT-RESPONDENT ANNA M. WILCOX, AS PRESIDING OFFICER OF AUTHORIZATION MEETING.

---

Appeal from an order of the Supreme Court, Chautauqua County (James H. Dillon, J.), entered August 5, 2013 in a proceeding pursuant to the Election Law. The order dismissed the petition.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: Petitioner commenced this proceeding pursuant to Election Law § 16-102 to invalidate certificates (Wilson-Pakula certificates) authorizing respondents Vincent W. Horrigan and Larry J. Barmore (Unenrolled Candidates) to be designated as candidates on the ballot in the next primary election of the Chautauqua County Conservative Party (Conservative Party). We note as background that, earlier this year, the Unenrolled Candidates filed designating petitions seeking the Conservative Party's nomination in the upcoming election for Chautauqua County Executive and Chautauqua County Clerk, respectively. Because the Unenrolled Candidates were registered

Republicans, they could not be designated as candidates on the Conservative Party's primary ballot without authorization from the "party committee representing the political subdivision of the office for which a designation or nomination is to be made, unless the rules of the party provide for another committee, in which case the members of such other committee . . . may . . . authorize the designation or nomination of a person as a candidate" (§ 6-120 [3]; *see generally Matter of Master v Pohanka*, 10 NY3d 620, 623-625).

Following the Conservative Party's longstanding local practice, the County Committee's Executive Committee (Executive Committee), rather than the full County Committee, authorized the Unenrolled Candidates to be designated as candidates on the party's primary ballot. Petitioner, a registered Conservative in Chautauqua County, objected to the legality of those authorizations and commenced this proceeding against, inter alia, the Unenrolled Candidates and respondents Anna M. Wilcox, the Chairwoman of the Conservative Party, and Brian Abram, the Republican Commissioner of the Chautauqua County Board of Elections (collectively, respondents). Supreme Court properly dismissed the petition.

It is undisputed that, pursuant to the Election Law, the County Committee is the default "party committee" empowered to issue Wilson-Pakula certificates for the county offices at issue (Election Law § 6-120 [3]; *cf. Matter of Rowles v Orsini*, 309 AD2d 1307, 1309). Petitioner, however, contends that the rules and regulations of the County Committee of the Conservative Party (County Committee rules) did not effectively delegate that authority to the Executive Committee and thus that the Executive Committee lacked the power to issue the Wilson-Pakula certificates. We reject that contention and conclude that, under these circumstances, the County Committee rules delegated to the Executive Committee the power to authorize the designation of the Unenrolled Candidates as candidates for the relevant county offices in the upcoming Conservative Party primary election (*see generally Master*, 10 NY3d at 625-626; *Matter of New York State Comm. of Independence Party v New York State Bd. of Elections*, 87 AD3d 806, 811-812, *lv denied* 17 NY3d 706; *Matter of Peluso v Erie County Independence Party*, 66 AD3d 1329, 1330-1331; *Matter of Koppell v Garcia*, 275 AD2d 587, 588).

Article III, § 3 (A) of the County Committee rules states in relevant part that, "[a]t all times when the County Committee is not actually in session, the Executive Committee shall have, possess, and exercise *all* the rights, powers, privileges, and duties which the County Committee may have, possess, and exercise" (emphasis added). That provision clearly and unambiguously delegates to the Executive Committee the power of the County Committee to authorize the designation of the Unenrolled Candidates, provided that the County Committee was "not actually in session" when the authorizations were issued (*see Matter of Gresser v Cohen*, 275 NY 440, 444-445; *see also Master*, 10 NY3d at 625-626). The court did not make a factual finding with respect to whether the County Committee was in session at the time the relevant Wilson-Pakula certificates were issued but, on an appeal following a bench trial such as was conducted here, we may

"render the judgment [we] find[] warranted by the facts" (*Northern Westchester Professional Park Assoc. v Town of Bedford*, 60 NY2d 492, 499). That standard of review is equally applicable to special proceedings commenced pursuant to the Election Law (*see Matter of Wong v Cooke*, 87 AD3d 659, 661, *lv denied* 17 NY3d 706; *Matter of Stavisky v Koo*, 54 AD3d 432, 434). Here, petitioner made no showing that the County Committee was "actually in session" at the relevant time. Indeed, the fact that Wilcox—the presiding officer of both the Executive Committee and the County Committee (*see* Rules and Regulations of the Chautauqua County Committee of the Conservative Party of New York State, art III, § 2)—presided over the meeting at which the Executive Committee issued the contested authorizations supports the conclusion that the County Committee did not simultaneously meet without its presiding officer. Moreover, Wilcox testified that she had "never known a county wide [meeting] to be called in that June time period," i.e., when the contested authorizations were issued by the Executive Committee. We therefore conclude that petitioner failed to meet his burden of establishing that the full County Committee was "actually in session" when the Executive Committee authorized the challenged designations (*see generally Matter of Goldstein v Carlsen*, 59 AD2d 642, 643, *affd* 42 NY2d 993; *Matter of Naples v Swiatek*, 286 AD2d 567, 568, *lv denied* 96 NY2d 718). Consequently, petitioner failed to prove that the challenged Wilson-Pakula authorizations were not validly issued by the Executive Committee under the County Committee rules.

Entered:  August 15, 2013                    Frances E. Cafarell
                                             Clerk of the Court