■ In the Matter of Jeffrey L. Farrell et al., Appellants, v Michael F. Reid et al., Respondents, et al., Respondent. [15 NYS3d 429]—

In a proceeding pursuant to Election Law § 16-102, inter alia, to invalidate a so-called Wilson-Pakula certificate (*see* Election Law § 6-120 [3]) authorizing Michael F. Reid to appear on the ballot in a primary election to be held on September 10, 2015, for the nomination of the Democratic Party as its candidate for the public office of Member of the Town Council of the Town of Hempstead for the 5th Council District, the petitioners appeal from a final order of the Supreme Court, Nassau County (Driscoll, J.), dated August 10, 2015, which denied the petition and dismissed the proceeding.

Ordered that the final order is affirmed, without costs or disbursements.

On July 9, 2015, the Executive Committee of the Nassau County Democratic Party County Committee conducted a meeting at which Michael F. Reid, who is not enrolled in the Democratic Party, was authorized to appear on the ballot as a candidate for the nomination of that party as its candidate for the public office of Member of the Town Council of the Town of Hempstead for the 5th Council District. Jay S. Jacobs was the

presiding officer at the meeting and Elaine Portuondo Smith was the secretary at the meeting. On July 13, 2015, a certificate of authorization designating Reid as a candidate for the nomination of the Democratic Party was filed with the Nassau County Board of Elections (hereinafter the Board). This certificate, commonly known as a Wilson-Pakula certificate, was signed only by Smith. On July 16, 2015, a second certificate of authorization designating Reid as a candidate was filed with the Board. This certificate was signed only by Jacobs.

The petitioners Jeffrey L. Farrell and Ronald Ebright filed objections with the Board, arguing, inter alia, that the certificates of authorization failed to comply with Election Law § 6-120 (3) because the signatures of Jacobs and Smith did not appear on the same page. The Board declined to invalidate Reid's designation as a candidate.

The petitioners also commenced this proceeding, seeking to invalidate the certificates of authorization. Again, the petitioners argued, inter alia, that the certificates of authorization were invalid because the signatures of Jacobs and Smith did not appear on the same page. The Supreme Court denied the petition and dismissed the proceeding. The petitioners appeal.

Election Law § 6-120 (3) provides that a political party may authorize the designation or nomination of a candidate for public office who is not an enrolled member of that political party. The statute requires that, once the political party or committee of the party conducts a meeting at which the nonmember is designated as the party's candidate or as a candidate for the nomination of that party, a certificate of authorization must be filed with the appropriate board of elections (*see* Election Law § 6-120 [3]). Of relevance to this appeal, the statute recites that the certificate of authorization "shall be signed and acknowledged by the presiding officer and the secretary of the meeting at which such authorization was given" (*id.*).

Contrary to the petitioners' contentions, the Supreme Court correctly determined that the certificates of authorization complied with the requirements of Election Law § 6-120 (3). The statute contains no express requirement that the signatures of the presiding officer and secretary appear on the same document (*see* Election Law § 6-120 [3]; *Matter of Hazell v Board of Elections of State of N.Y.*, 224 AD2d 806 [1996]; *Matter of Bonelli v Bahren*, 196 AD2d 866, 867 [1993]; *see also Matter of DiStefano v Kiggins*, 254 AD2d 688 [1998]).

We note that a primary purpose of Election Law § 6-120 (3) is to "safeguard the integrity of the electoral process and not to

defeat elections" (*Matter of Bonelli v Bahren*, 196 AD2d at 867). "[O]f paramount importance is that the will of the party committee of the political subdivision involved is expressed" (*id.*; *see Matter of Master v Pohanka*, 10 NY3d 620, 626 [2008]; *Matter of Wong v Cooke*, 87 AD3d 659, 660 [2011]). There is no question that the objectives of Election Law § 6-120 (3) were met here, as no issue was raised as to whether the subject authorization expressed the will of the party committee of the political subdivision involved (*see Matter of Harfenist v Salerno*, 89 AD2d 1032, 1032 [1982]). Dillon, J.P., Dickerson, Cohen and Duffy, JJ., concur.