Matter of Kowal v Bargnesi (2021 NY Slip Op 03014)





Matter of Kowal v Bargnesi


2021 NY Slip Op 03014


Decided on May 11, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 11, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, CURRAN, WINSLOW, AND DEJOSEPH, JJ.


489 CAE 21-00633

[*1]IN THE MATTER OF SPENCER T. "SKIP" KOWAL, PETITIONER-RESPONDENT-APPELLANT,
v
JOHN BARGNESI, JR., CANDIDATE, ERIE COUNTY CONSERVATIVE PARTY, EXECUTIVE COMMITTEE OF COUNTY COMMITTEE, RALPH LORIGO, PURPORTED PRESIDING OFFICER OF AN AUTHORIZATION MEETING ASSERTED TO HAVE BEEN CONDUCTED ON THE 1ST DAY OF APRIL, 2021 AND KEVIN BACKUS, PURPORTED SECRETARY OF AN AUTHORIZATION MEETING ASSERTED TO HAVE BEEN CONDUCTED ON THE 1ST DAY OF APRIL, 2021, RESPONDENTS-APPELLANTS-RESPONDENTS, RALPH MOHR AND JEREMY ZELLNER, COMMISSIONERS OF THE ERIE COUNTY BOARD OF ELECTIONS, RESPONDENTS-RESPONDENTS. 






BLOCK LONGO, LAMARCA & BRZEZINSKI, P.C., BUFFALO (MICHAEL H. KOOSHOIAN OF COUNSEL), FOR RESPONDENTS-APPELLANTS-RESPONDENTS.
JOSEPH T. BURNS, WILLIAMSVILLE, FOR PETITIONER-RESPONDENT-APPELLANT. 


 Appeal and cross appeal from an order and judgment (one paper) of the Supreme Court, Erie County (Paul Wojtaszek, J.), entered April 29, 2021 in a proceeding pursuant to Election Law article 16. The order and judgment granted the petition and enjoined respondents-respondents Ralph Mohr and Jeremy Zellner, Commissioners of Erie County Board of Elections, from placing the name of respondent-appellant-respondent John Bargnesi, Jr., on the June 22, 2021 Conservative Party primary ballot as a candidate for the public office of Erie County Legislator, 4th Legislative District. 
It is hereby ORDERED that said cross appeal is unanimously dismissed, the order and judgment is reversed on the law without costs and the petition is dismissed.
Memorandum: In this proceeding pursuant to Election Law article 16, respondents-appellants-respondents (respondents) appeal and petitioner cross-appeals from an order and judgment that granted the petition on the ground that the certificate of authorization purporting to authorize respondent-appellant-respondent John Bargnesi, Jr. as a candidate of the Conservative Party for the public office of Erie County Legislator, 4th Legislative District, in the primary election to be held on June 22, 2021 was invalid and enjoined respondents-respondents Ralph Mohr and Jeremy Zellner from placing Bargnesi on the Conservative Party primary ballot. Preliminarily, we note that the order and judgment purported to grant the petition based on one alleged basis for invalidity and deny the petition with respect to another alleged basis but, in effect, granted the petition in its entirety. We conclude that the cross appeal must be dismissed inasmuch as petitioner received all the relief that he requested in the petition and he is therefore not aggrieved by the order and judgment (see Benedetti v Erie County Med. Ctr. Corp., 126 AD3d 1322, 1323 [4th Dept 2015]).
Respondents contend on their appeal that Supreme Court erred in determining that the certificate of authorization was invalid because it failed to state the date of the primary election. [*2]We agree. Unlike the statutes at issue in the cases relied on by the court (see Matter of O'Connor v Salerno, 105 AD2d 487, 488 [3d Dept 1982]; Matter of Braxton v Smolinski, 89 AD2d 1053, 1053 [4th Dept 1982], lv denied 57 NY2d 605 [1982]), the statute at issue here, Election Law § 6-120 (3), does not specifically prescribe that the date of the primary election be specified in the certificate of authorization (cf. Election Law §§ 6-132 [1]; 6-140 [1]). We therefore conclude that there was substantial compliance with section 6-120 (3) inasmuch as the omission of the date of the primary election was " 'neither a defect invalidating the certificate nor a matter presenting an opportunity for prejudice or possibility of fraud' " (Matter of DiStefano v Kiggins, 254 AD2d 688, 688 [4th Dept 1998]; see Matter of Hazell v Board of Elections of State of N.Y., 224 AD2d 806, 807 [3d Dept 1996], lv denied 87 NY2d 808 [1996]). Further, "[t]here is no question that the objectives of Election Law § 6-120 (3) were met here, as no issue was raised as to whether the subject authorization expressed the will of the party committee of the political subdivision involved" (Matter of Farrell v Reid, 131 AD3d 628, 630 [2d Dept 2015]). 
We have reviewed the contentions raised by petitioner as alternative grounds for affirmance (see generally Parochial Bus Sys. v Board of Educ. of City of N.Y., 60 NY2d 539, 545-546 [1983]) and conclude that they lack merit.
Entered: May 11, 2021
Mark W. Bennett
Clerk of the Court