Shantz v Barry Steel Fabrication, Inc. (2022 NY Slip Op 04470)

Shantz v Barry Steel Fabrication, Inc.

2022 NY Slip Op 04470

Decided on July 8, 2022

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 8, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CENTRA, LINDLEY, AND CURRAN, JJ.

401 CA 21-00718

[*1]PAUL SHANTZ AND BONNIE SHANTZ, INDIVIDUALLY AND AS HUSBAND AND WIFE, PLAINTIFFS-RESPONDENTS-APPELLANTS,
v
BARRY STEEL FABRICATION, INC., UNILAND CONSTRUCTION COMPANY, CANISIUS COLLEGE AND UNITED RENTALS, INC., DEFENDANTS-APPELLANTS-RESPONDENTS. 

GOLDBERG SEGALLA LLP, BUFFALO (MEGHAN M. BROWN OF COUNSEL), FOR DEFENDANTS-APPELLANTS-RESPONDENTS.
DOLCE FIRM, BUFFALO (SEAN COONEY OF COUNSEL), FOR PLAINTIFFS-RESPONDENTS-APPELLANTS. 

 Appeal and cross appeal from an order and judgment (one paper) of the Supreme Court, Erie County (Donna M. Siwek, J.), entered April 19, 2021. The order and judgment granted in part and denied in part the motion of plaintiffs seeking partial summary judgment and granted in part and denied in part the cross motion of defendants seeking summary judgment dismissing the complaint. 
It is hereby ORDERED that the appeal of defendant United Rentals, Inc. is unanimously dismissed and the order and judgment so appealed from is modified on the law by denying that part of plaintiffs' motion seeking summary judgment on the Labor Law § 240 (1) claim and vacating all the language in the first decretal paragraph following the words "as defined by Labor Law § 240 (1)," and as modified the order and judgment is affirmed without costs.
Memorandum: Plaintiffs commenced this common-law negligence and Labor Law action against defendants, seeking to recover damages for injuries that Paul Shantz (plaintiff) allegedly sustained while working on a construction project. Plaintiff was injured when a scissors lift, which he was unloading from a truck bed using an inclined ramp, pinned him between the top of the lift and the upper part of the loading dock's door frame. Defendants appeal and plaintiffs cross-appeal from an order and judgment that, inter alia, granted that part of plaintiffs' motion seeking summary judgment on their Labor Law § 240 (1) claim against defendants Barry Steel Fabrication, Inc., Uniland Construction Company and Canisius College, and granted those parts of defendants' cross motion seeking summary judgment dismissing the Labor Law §§ 200 and 241 (6) claims and the negligence cause of action against all defendants and dismissing the complaint against defendant United Rentals, Inc.
At the outset, we conclude that the appeal of United Rentals, Inc. must be dismissed. Supreme Court granted defendants' motion insofar as it sought summary judgment dismissing all causes of action against that defendant, and it is therefore not aggrieved by the order and judgment (see generally Matter of Kowal v Bargnesi, 194 AD3d 1489, 1489 [4th Dept 2021], lv denied 36 NY3d 913 [2021]).
The remaining defendants, i.e., Barry Steel Fabrication, Inc., Uniland Construction Company, and Canisius College, contend that the court erred in denying that part of the cross motion seeking dismissal of the Labor Law § 240 (1) claim against them. We reject that contention. In determining whether a plaintiff is entitled to recover under Labor Law § 240 (1), [*2]the "inquiry . . . does not depend upon the precise characterization of the device employed or upon whether the injury resulted from a fall, either of the worker or of an object upon the worker. Rather, the single decisive question is whether plaintiff's injuries were the direct consequence of a failure to provide . . . protection against a risk arising from a physically significant elevation differential" (Runner v New York Stock Exch., Inc., 13 NY3d 599, 603 [2009]). Here, defendants failed to meet their initial burden on their cross motion for summary judgment with respect to the section 240 (1) claim inasmuch as they failed to establish as a matter of law that plaintiff's injuries were not " 'the direct consequence of a failure to provide adequate protection against a risk arising from a physically significant elevation differential' " (Horton v Board of Educ. of Campbell-Savona Cent. Sch. Dist., 155 AD3d 1541, 1542 [4th Dept 2017]). Contrary to the remaining defendants' further contentions, defendants also failed to establish as a matter of law that no safety device of the kind enumerated in the statute would have prevented the accident under the circumstances (see Ortiz v Varsity Holdings, LLC, 18 NY3d 335, 339 [2011]), and although the elevation differential was "only one or two feet . . . , in light of the weight of the [scissors lift], as well as the potential harm that it could cause, it cannot be said that the elevation differential was de minimis" (DiPalma v State of New York, 90 AD3d 1659, 1660 [4th Dept 2011]).
Nevertheless, we agree with the remaining defendants that plaintiffs are not entitled to "summary judgment on the issue of liability on the Labor Law § 240 (1) [claim] inasmuch as [plaintiffs] submitted evidence raising a triable issue of fact whether plaintiff's conduct[, i.e., his improper operation of the lift,] was the sole proximate cause of the accident" (Fazekas v Time Warner Cable, Inc., 132 AD3d 1401, 1403 [4th Dept 2015]). We therefore modify the order and judgment accordingly.
We reject plaintiffs' contention on their cross appeal that the court erred in granting the part of the cross motion seeking summary judgment dismissing the Labor Law § 241 (6) claim. Contrary to plaintiffs' contention, "[t]he court properly determined that [one] of the regulations relied upon by plaintiffs, i.e., [12 NYCRR] 23-9.2 (b), [is] not sufficiently specific to support a cause of action under Labor Law § 241 (6)" (Webber v City of Dunkirk, 226 AD2d 1050, 1051 [4th Dept 1996]; see Nicola v United Veterans Mut. Hous. No. 2, Corp., 178 AD3d 937, 940 [2d Dept 2019]; Scott v Westmore Fuel Co., Inc., 96 AD3d 520, 521 [1st Dept 2012]). Although 12 NYCRR 23-9.8 (e) is sufficiently specific (see Kuligowski v One Niagara, LLC, 177 AD3d 1266, 1268 [4th Dept 2019]), even assuming, arguendo, that the regulation applies to scissors lifts based on " 'the manner in which the equipment is used rather than its name or label' " (St. Louis v Town of N. Elba, 16 NY3d 411, 415 [2011]), defendants established in support of the cross motion that the accident at issue did not occur as the result of the lift "upsetting" (12 NYCRR 23-9.8 [e]), and thus met their burden on the cross motion of establishing "that the regulation[ is] not applicable to the facts of this case" (Piazza v Frank L. Ciminelli Constr. Co., Inc., 2 AD3d 1345, 1348 [4th Dept 2003]).
Entered: July 8, 2022
Ann Dillon Flynn
Clerk of the Court