216

In the Matter of MORRIS ZUCKMAN et al., Respondents, against THOMAS F. DONAHUE et al., Constituting the Board of Elections of Albany County, Respondents, and JOHN J. KILEY et al., Appellants.

Third Department, July 7, 1948.

*Daniel H. Prior* for appellants.

*Sidney Fox,* attorney (*Hyman N. Glickstein* of counsel), for petitioners-respondents.

*Per Curiam.* The enrollments of these appellants, 904 in number, in the American Labor Party of Albany County, have been cancelled in a proceeding brought pursuant to subdivision 2 of section 332 of the Election Law, on the grounds that they were not in sympathy with the principles of that party.

The essence of the charges made against them is that their enrollments and their subsequent political activities were part of a prearranged plan to seize control of the American Labor Party. The appellants were accorded a fair hearing before the county chairman on these charges, preferred pursuant to the section. Although the procedure was somewhat informal, it was acquiesced in by them and by their attorney. The determination was based on the answers given upon questions submitted to the appellants and upon public records indicating when they were enrolled in the party, their political activities thereafter and their previous political affiliation.

The present legislative pattern is clearly designed to safeguard the integrity of minor parties and to prevent raids thereon by those who are out of sympathy with their principles and motives. Section 136–a of the Election Law, recently enacted, clearly demonstrates that fact. (*Matter of Ingersoll* v. *Heffernan,* 188 Misc. 1047, affd. 297 N. Y. 524.) Enrollment and attempted seizure of party machinery for the purpose of advancing the fortunes of another political party will not be tolerated. (*Matter of Newkirk,* 144 Misc. 765; *Matter of Werbel* v. *Gernstein,* 191 Misc. 275.) The evidence herein presented, circumstantial though it may be, clearly indicates that there was an attempt on the part of at least some of these appellants to seize control of the American Labor Party for ulterior purposes. However, it does not necessarily follow that each and every one of these appellants were so motivated, nor does it justify the wholesale " purge " which the decision below directs. Whether or not a particular appellant was out of sympathy with the principles of the American Labor Party is an individual and not a group matter, and must be considered as such.

Three hundred and fifty of these appellants failed to attend the hearing or answer the questionnaire. Five of them, however, rectified this omission by testifying in court in their own behalf. The uniformity of the answers given and the unanimity of agreement with the principles of the American Labor Party indicated by the questionnaires is startling, if not incredulous. However, they do furnish at least prima facie evidence that those who answered were sympathetic towards the party's aims. Those who did not answer or testify, must be presumed to have been lacking in sympathy, and their enrollments were properly cancelled.

Several factors should be considered in passing upon the cancellation of the enrollments of those who answered the questionnaire. In addition to their answers, public records indicate their previous party affiliation, the date of their enrollments in the American Labor Party and their political activities thereafter. No single one of these factors is controlling, but the combination of all three is unmistakably indicative of a lack of sympathy with the purposes of the party, and clearly demonstrates that their enrollments were prompted by ulterior motives. The great majority of these appellants were formerly Democrats and joined the American Labor Party in 1946 or 1947. One hundred and fifty-five of this group listed on Schedule A [names listed on schedules not printed] attached hereto, immediately

became candidates for party position, and twenty-three of them listed on Schedule B, circulated or were the subscribing witnesses on designating petitions. Their enrollments were properly cancelled. Of the twenty-seven witnesses who testified in their own behalf, and who, regardless of duplication, are treated as a separate unit, ten listed on Schedule C, clearly indicated lack of sympathy with the aims and purposes of the party under the foregoing test, and their enrollments were properly cancelled. The evidence was insufficient to warrant such action as to the remaining seventeen of this group, whose names are listed on Schedule D.

The decision canceling the enrollments of the 350 who did not attend the hearing or answer the questionnaire, is affirmed, except as to Frank Cox, John Trela, Joseph P. Reedy, Edward Ryan and Robert Farrier, who testified in court, and will be considered with that group. It is also affirmed as to those appellants listed on Schedules A and B. Of those twenty-seven witnesses who testified in their own behalf, the decision is affirmed as to those listed on Schedule C and reversed as to those listed on Schedule D. In respect to those appellants not heretofore mentioned the decision is reversed. No costs will be awarded.

In the light of this decision, the order of the Supreme Court (BOOKSTEIN, J. ) granted April 6, 1948, becomes academic and is hereby vacated.

HILL, P. J., BREWSTER and DEYO, JJ., concur; FOSTER, J., concurs except as to that part of the decision which cancels the enrollment of 155 persons listed in Schedule A of the opinion, with the following statement: " I do not consider the proof sufficient to justify the cancellation of their enrollment and as to that part of the decision I dissent "; HEFFERNAN, J., concurs with FOSTER, J.

Orders canceling the enrollment of the defendants-appellants in the American Labor Party of Albany County modified in accordance with the opinion, on the law and facts, and as so modified affirmed, without costs.