Arthur Aulisi, J.
This is a proceeding under subdivision 2 of section 332 of the Election Law in which the petitioner, the Conservative Party of Warren County, seeks to cancel the enrollment of the respondents in the Conservative Party upon the basis of a determination made by a committee appointed by petitioner’s chairman that the respondents are not in sympathy with the principles of the party in which they are enrolled.
The respondents are first-time enrollees and have availed themselves of the special registration period afforded to them and others under similar circumstances.
The question before the court is whether the determination of the Conservative Party committee is just. Such determination was made on August 31, 1974 at a hearing before the committee at which no formal or informal record was made.
*965 Petitioner contends that the determination of its committee is warranted on the ground that respondents were brought to the board of elections for the purpose of enrolling by persons holding office in another political party. It is conceded that these respondents, each 18 years of age, had not previously been enrolled in any political party, nor had they been engaged in any other political activities. Notwithstanding the absence of any factual basis therefor, the committee found that respondents were not in sympathy with the principles of the Conservative Party.
Petitioner relies on Zuckman v. Donohue (274 App. Div. 216, affd. 298 N. Y. 627) which involved enrollments of hundreds of persons in the American Labor Party of Albany County, and which enrollments were canceled following a hearing, on the ground that they were not in sympathy with the principles of the American Labor Party, because the enrollments and subsequent political activities of said persons were part of a prearranged plan to seize control of the American Labor Party. In the Zuckman case the determination was based on answers by the respondents upon questions submitted to them, and upon public records indicating when they were enrolled in the American Labor Party, their political activities thereafter, as well as their previous political affiliation. Thus, the Zuckman case is not controlling here, since the youngsters, in the instant case, are enrolling for the first time, and have not engaged in any political activities before or after such enrollment.
It should be noted that the notice of the hearing held on August 31,1974 was not served on respondents Michael L. Guillery and Clyde L. Switzer, Jr., either personally or by mail as required by said section 332 of the Election Law. Therefore, the determination of the committee as to Michael L. Guillery and Clyde L. Switzer, Jr. is invalid.
As to the respondents Jayne M. Girard, Diane Hamlin, and Catherine M. Lawler, their failure to appear in response to the two days’ notice, under the circumstances of the case, does not supply the proof necessary to support the committee’s determination. In any event, these three respondents, by their respective affidavits, have satisfactorily explained their failure to appear at the August 31, 1974 hearing.
It is the opinion of this court that where voters have expressed their choice by enrolling in a party, their political philosophy should not be the subject of speculation, and the court must accept their declarations at face value, unless there is affirmative proof to the contrary. Here we have young people entering *966 into the political arena for the first time. They should be entitled to the freedom to choose a political party which stands for the freedom in which they believe. To say that their political preference should be that of their parents, their friends, or their station in life, would deny them such freedom of choice. In this day and age, it is not unusual to find that young people differ with their parents in matters of politics. They should not be discouraged from being active in the political process or from exercising independent judgment in the choice of their political affiliations.
On the record before the court, there is not sufficient proof to support the committee’s determination that respondents are not in sympathy with the principles of the Conservative Party.
What constitutes sympathy with or belief in the principles of any political party is something which must be liberally construed, particularly when the respective umbrellas of our major political parties are sufficiently broad to encompass such divergent political views as Senator Javits of New York and Senator Thurmond of South Carolina in the Republican Party, and Senator McGovern of South Dakota and Governor Wallace of Alabama in the Democratic Party.
For the foregoing reasons, the petition must be and hereby is dismissed.