■ In the Matter of FREDERICK J. FARRELL, Respondent, v JAMES MORRISSEY et al., Appellants. [821 NYS2d 731]—

Appeal from an order of the Supreme Court, Cayuga County (Peter E. Corning, A.J.), entered September 1, 2006 in a proceeding pursuant to Election Law § 16-110 (2). The order granted the petition.

It is hereby ordered that the order so appealed from be and the same hereby is affirmed without costs.

Memorandum: We affirm for reasons stated in the decision at Supreme Court. We add only that there was sufficient evidence presented to the court of a concerted effort by respondents to take control of the Cayuga County Independence Party (Party) in that respondents all enrolled in the Party during a relatively short period between June and October 2005 and, upon enrollment, petitioned to be members of the Party Committee. Almost all had some relationship to respondent James Morrissey.

When noticed for a Party hearing to determine whether respondents were in sympathy with the principles of the Party,

no respondent appeared or offered any explanatory evidence. At the court hearing, respondents again did not appear or offer any defense to the petition seeking to cancel their enrollment in the Party. Therefore petitioner's determination was just and consistent with Election Law § 16-110 (2) in that it must be presumed that respondents are not in sympathy with the principles of the Party (*see Matter of Zuckman v Donohue*, 274 App Div 216, 218 [1948], *affd* 298 NY 627 [1948]).

All concur except Martoche and Smith, JJ., who dissent and vote to reverse in accordance with the following memorandum.

Martoche and Smith, JJ. (dissenting). We respectfully dissent. Petitioner commenced this proceeding to cancel the enrollments of respondents in the Cayuga County Independence Party (Party). Petitioner alleges that respondents, all of whom enrolled in the Party within the last 15 months, are not in sympathy with the principles of the Party, but are "raiding" it to gain control of it on behalf of the Republican Party. "Election Law § 16-110 (2) assigns the task of determining whether a voter 'is . . . in sympathy with the principles' of his or her political party to a leader of that party—the County Committee Chair— and limits courts to deciding whether this determination is 'just' " (*Matter of Rivera v Espada*, 98 NY2d 422, 428 [2002]). Thus, we review the matter to ensure that petitioner reached his decision on the basis of sufficient evidence and did not consider inappropriate factors (*see id.* at 429). We conclude that there is not sufficient evidence to support petitioner's determination.

Initially, we disagree with the majority that respondents were notified to appear at a hearing to determine whether they were in sympathy with the principles of the Party, and that their failure to appear at that hearing supports the conclusion that they are not in sympathy with the principles of the Party. With the exception of one notice that was hand delivered, the hearing notices were placed in the mail on the Friday before the Tuesday morning hearing. Respondents' "failure to appear in response to [such short] notice, under the circumstances of the case, does not supply the proof necessary to support [petitioner's] determination" (*Warren County Conservative Party v Girard*, 78 Misc 2d 964, 965 [1974]), especially in light of the lack of evidence that they are not sympathetic to the aims of the Party (*cf. Matter of Mendelsohn v Walpin*, 197 Misc 993, 1000 [1950], *affd* 277 App Div 947 [1950], *affd* 301 NY 670 [1950]).

Petitioner relied upon three findings to support his determination that respondents are not in sympathy with the principles of the Party. First, petitioner found that respondents enrolled in

the Party recently, most of them in September and October 2005. Second, he found that respondents circulated petitions in an attempt to run for seats on the Party's County Committee and "did not have a similar interest in circulating or signing petitions for the public office seekers that were sponsored by the Party this year" because they did not circulate petitions for other candidates, including those for the general election. Third, petitioner found that each respondent was somehow connected to respondent James Morrissey (Morrissey), who stated that he did not want to sign any petition because the Party leadership refused to support or endorse two Republican candidates. Based upon those findings, petitioner concluded that respondents are an organized group, led by Morrissey, that is attempting to seize control of the Party in order to further the aims of the Republican Party and thus determined that respondents are not in sympathy with the principles of the Party.

In support of his finding that respondents did not have an interest in signing petitions for candidates sponsored by the Party, petitioner relied solely upon testimony, from the head of a subcommittee investigating respondents' actions, that none of the respondents signed petitions for Party candidates. Designating petitions submitted by respondents, however, demonstrate that the testimony relied upon is incorrect. In fact, more than 20% of respondents, 8 of 38 (signing respondents), signed designating petitions for Party candidates for Cayuga County Court Judge and Sheriff in 2006. Because the only evidence relied upon by petitioner to find that respondents failed to support Party candidates was incorrect, that finding is not supported by sufficient evidence.

Further, contrary to petitioner's conclusion that respondents are attempting to control the Party for the benefit of the Republican Party, the record establishes that the Party candidates named in the designating petitions subscribed by the signing respondents were also running as Democratic Party candidates. Thus, the signing respondents were helping the Party to the detriment of Republican candidates.

Finally, two signing respondents, Susan Reilley and Kathleen Holm, are identified by petitioner as Morrissey's daughters. Thus, contrary to petitioner's conclusion, the designating petitions also establish that Morrissey is not in control of a group that is attempting to act contrary to the aims of the Party because Morrissey's own daughters were supportive of Party candidates.

As a result of that evidence, combined with the absence of any evidence of statements, writings or actions by any respon-

dent that is against the interests of the Party (*cf. Rivera,* 98 NY2d 422 [2002]), we conclude that petitioner failed to establish that removal of respondents from the Party is "just" pursuant to Election Law § 16-110 (2). We therefore would reverse the order and dismiss the petition. Present—Gorski, J.P., Martoche, Smith, Green and Pine, JJ.