OPINION OF THE COURT
Richard F. Braun, J.
This is a special proceeding, pursuant to CPLR 2304, to quash a subpoena duces tecum served by the Standing Committee on Investigations and Government Operations of the New York State Senate (Investigations Committee) on Richard Baum, as Custodian of Records of the Executive Chamber and Secretary to the Governor in the administration of former Governor Eliot Spitzer. Respondent George H. Winner, Jr. is the Chairperson of the Investigations Committee. Petitioner submitted an affidavit by State Senator Thomas Duane* in support of the petition in this proceeding. Respondent moves to strike the affidavit and all matters in petitioner’s papers that rely upon the facts in the affidavit, based on the Speech or Debate Clause of the New York Constitution (NY Const, art III, § 11).
Senator Duane in his affidavit states that he is the Ranking Minority Member of the Investigations Committee, and that the Committee is composed of five majority members and three minority members. He discusses his belief that the issues that the Committee was investigating in relation to the New York State Attorney General’s July 23, 2007 report entitled “Report of Investigation Into The Alleged Misuse Of New York State Aircraft And The Resources Of The New York State Police” should have been referred to the New York State Ethics Commission (since merged into the new *431 Commission on Public Integrity), rather than addressed by the Investigations Committee. Senator Duane gives his impressions as to respondent’s intentions regarding the Investigations Committee’s investigation. Senator Duane relates what respondent told Senator Duane in writing and a telephone call. He speaks of hearings of the Investigations Committee and the lead up thereto. He further mentions what State Senate majority staff told minority staff regarding the introduction of State Senate bills and the subject matter of Investigations Committee hearings. He also discusses proceedings before the State Senate Rules Committee. He speaks of some of what happened at the committees but does not state what anyone said. He gives various opinions in relation to State Senate procedures and occurrences.
Respondent contends that petitioner violated the Speech or Debate Clause through submission of Senator Duane’s affidavit. In response to the petition in this proceeding, respondent submits a very lengthy affidavit detailing arguments made by State Senate majority members during the hearings of the Investigations Committee, and attaches 10 pages of colloquy that occurred during the hearings and several pages of respondent’s own statements during the hearings. Respondent sets forth in his affidavit considerations of the Investigations Committee, discusses its concerns, and gives his own rationale as to legislative proposals.
Petitioner argues that respondent’s actions constituted a waiver by him of the Speech or Debate Clause privilege (see Campaign for Fiscal Equity v State of New York, 265 AD2d 277, 278 [1st Dept 1999]). Respondent counters that he put what he did in his opposition papers in order to fully set forth his positions, including opposition to Senator Duane’s affidavit, just in case this court denied his motion to strike the affidavit. Respondent would have been better advised to have moved to strike State Senator Duane’s affidavit by order to show cause, in which respondent could have requested an extension of time to reply to the affidavit if the motion were denied. However, respondent has no privilege under the Speech or Debate Clause as to Senator Duane’s affidavit.
The Speech or Debate Clause of the New York State Constitution provides: “For any speech or debate in either house of the legislature, the members shall not be questioned in any other place.” (NY Const, art III, § 11.) The New York State Speech or Debate Clause includes protection for members of the Legisla *432 ture as to committee meetings and hearings, and a legislator can assert the Clause’s immunity on behalf of legislative staff members (People v Ohrenstein, 77 NY2d 38, 54 [1990]). “Historically the Speech or Debate Clause serves to preserve the integrity of the Legislature by preventing other branches of government from interfering with legislators in the performance of their duties.” (Id. at 54.) The Clause has as its fundamental purpose assuring that legislators can perform their legislative functions independently by shielding them from the consequences of being sued and the burden of having to defend themselves in court (Matter of Straniere v Silver, 218 AD2d 80, 83 [3d Dept 1996], affd for reasons stated below 89 NY2d 825 [1996]).
Here, respondent is trying to use the Speech or Debate Clause not as a shield, but as a sword to strike out Senator Duane’s affidavit, in which he states facts, impressions, and opinions in this proceeding challenging the propriety of the actions of a legislative committee’s issuance of its subpoena. Most of what State Senator Duane states in his affidavit does not even amount to assertions of speech or debate on the part of any member of the Legislature. This proceeding does not seek any relief against any individual member of the Legislature growing out of his or her legislative actions. Respondent does not need any immunity under the Speech or Debate Clause because he is neither being criminally prosecuted nor civilly sued based on his actions in the Legislature (cf. Eastland v United States Servicemen’s Fund, 421 US 491, 503 [1975] [the comparable United States Constitution Speech or Debate Clause (US Const, art I, § 6 [1]) applies to criminal prosecution by the Executive Branch, or a private civil action by a private party for injunctive relief or damages]; Matter of Rivera v Espada, 98 NY2d 422, 427-428 [2002] [where petitioners were challenging the cancellation of the enrollment of State Senator Pedro Espada, Jr. in the Democratic Party due to his participating in activities of the State Senate Majority Conference, his legislative record, and other legislative conduct, which were held to be privileged]). He is merely named as party respondent in this proceeding to quash a subpoena because he is chairperson of the legislative committee that issued the subpoena.
It is preferable that government operations be conducted in the sunshine of daylight. State Senator Duane wishes to add to this proceeding some more information for the court to *433 consider in reaching its determination. It will be allowed. The motion has been denied by this court’s separate decision and order.

 This Judge made a disclosure on the record that he is a constituent of State Senator Duane and of some past interactions with the State Senator, and further disclosed the continuing distress of the Judiciary over the failure of the Legislature and Governor to increase judicial salaries since 1999. This court informed the parties that the court could and would be fair to both parties. Neither party asked this court to recuse itself.