■ In the Matter of EDWARD M. WALSH, JR., Individually and as Chair of the Suffolk County Committee of the Conservative Party, Respondent, v FRANKLIN R. ABRAMOWITZ et al., Appellants, and SUFFOLK COUNTY COMMITTEE OF CONSERVATIVE PARTY OF NEW YORK STATE et al., Respondents. [912 NYS2d 65]—

In a proceeding pursuant to Election Law § 16-110 (2) to

cancel the enrollments of certain individuals in the Conservative Party, the appeals are from a final order of the Supreme Court, Suffolk County (Whelan, J.), dated September 18, 2009, which, after a hearing, inter alia, granted those branches of the petition which were to cancel the enrollments of the appellants in the Conservative Party, and directed the Suffolk County Board of Elections to cancel those enrollments.

Ordered that the final order is affirmed, without costs or disbursements.

Absent a legal disqualification under Judiciary Law § 14, a court is the sole arbiter of its recusal (*see People v Moreno*, 70 NY2d 403, 405 [1987]). "This discretionary decision is within the personal conscience of the court" (*id.* at 405). Under the circumstances, the Supreme Court providently exercised its discretion in denying the oral motion for recusal (*cf. People v Fischer*, 143 AD2d 1036 [1988]; *People v Bartolomeo*, 126 AD2d 375, 390-391 [1987]).

Where, as here, the chairperson of the county committee of a political party determines, pursuant to the procedures set forth in Election Law § 16-110 (2), that certain members of that party are not in sympathy with that party's principles, and a proceeding is commenced in the Supreme Court to have the enrollment of those members cancelled, the Supreme Court is obligated to direct that the enrollment of those members be cancelled if it appears from the proceedings before the chairperson, and other proofs, if any, presented, that the determination is "just" (Election Law § 16-110 [2]). The Supreme Court's role in the proceeding is to ensure that the chairperson reached the determination on the basis of sufficient evidence, and did not consider inappropriate factors (*see Matter of Rivera v Espada*, 98 NY2d 422, 429 [2002]).

Here, the Supreme Court properly directed that the appellants' enrollments in the Conservative Party be cancelled. The Supreme Court properly considered, among other things, the appellants' failure to testify at hearings held before a Conservative Party subcommittee investigating whether the appellants were in sympathy with the Conservative Party's principles, which gave rise to a presumption that the appellants were not in sympathy with those principles (*see Matter of Farrell v Morrissey*, 32 AD3d 1362, 1363 [2006]; *Matter of Zuckman v Donahue*, 274 App Div 216, 218 [1948], *affd* 298 NY 627 [1948]).

The appellants' remaining contentions are without merit. Rivera, J.P., Chambers, Lott and Roman, JJ., concur.