In the Matter of EDWARD M. WALSH, JR., Individually and as Chair of the Suffolk County Committee of the Conservative Party, Appellant, v JOSEPH VERDI et al., Enrollees in the Coservative Party, et al., Respondents. [931 NYS2d 887]—

Where, as here, the chairperson of the county committee of a political party, or a subcommittee appointed by the chairperson, conducts hearings, pursuant to the procedures set forth in Election Law § 16-110 (2), to determine whether certain members of that party are not in sympathy with that party's principles, those members must receive notice of such hearings, in person or by mail, at least two days before the hearing (*see* Election Law § 16-110 [2]).

Here, the petitioner did not offer sufficient proof that the notices were duly addressed and mailed and, therefore, the petitioner failed to show that the members received the required notice (*cf. Nassau Ins. Co. v Murray*, 46 NY2d 828, 829 [1978]; *New York & Presbyt. Hosp. v Allstate Ins. Co.*, 29 AD3d 547, 547-548 [2006]; *Residential Holding Corp. v Scottsdale Ins. Co.*,

286 AD2d 679, 680 [2001]; *Matter of Rodriguez v Wing*, 251 AD2d 335, 336 [1998]; *Clark v Columbian Mut. Life Ins. Co.*, 221 AD2d 227 [1995]; *City of Yonkers v Clark & Son*, 159 AD2d 535 [1990]). Accordingly, the Supreme Court properly dismissed the petition and the proceeding.

In light of our determination, we need not reach the parties' remaining contentions. Florio, J.P., Leventhal, Chambers and Lott, JJ., concur. **[Prior Case History: 28 Misc 3d 1237(A), 2010 NY Slip Op 51621(U).]**