■ WELLS FARGO BANK, N.A., as Trustee for the MLMI TRUST SERIES 2005-FMI, Respondent, v PATRICK BOWIE et al., Defend-

ants, and F<small>IRCY</small> A. N<small>UNEZ</small>, on Behalf of the Estate of F<small>ERMINA</small> N<small>UNEZ</small>, Deceased, Appellant. [932 NYS2d 702]—

The defendant Fircy A. Nunez (hereinafter the appellant) took title to the real property at issue in this matter, subject to the mortgage given by the defendant Patrick Bowie and held by the plaintiff. The plaintiff subsequently brought this foreclosure action on that mortgage. The plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the appellant, and the appellant cross-moved pursuant to CPLR 3211 (a) (8) to dismiss the complaint insofar as asserted against him. The Supreme Court, among other things, granted the aforementioned branch of the plaintiff's motion and denied the appellant's cross motion. The only contention asserted by the appellant on this appeal is that the plaintiff was not entitled to summary judgment, and that the Supreme Court should have dismissed the complaint, because service upon Bowie was not properly made. The appellant, however, lacks standing to contest the validity of service upon Bowie inasmuch as that claim is personal to Bowie, and thus may be raised, if at all, only by Bowie (*see NYCTL 1996-1 Trust v King*, 13 AD3d 429, 430 [2004]; *NYCTL 1996-1 Trust v King*, 304 AD2d 629 [2003]; *Home Sav. of Am. v Gkanios*, 233 AD2d 422, 423 [1996]). Accordingly, the appellant's contention affords him no basis for relief. We note that the appellant does not claim on appeal that the plaintiff did not properly serve him with the complaint. Dillon, J.P., Balkin, Eng and Cohen, JJ., concur.