■ In the Matter of RICHARD H. RHOADES et al., Appellants, v WESTCHESTER COUNTY BOARD OF ELECTIONS et al., Respondents, et al., Respondents. [985 NYS2d 576]—

In a proceeding pursuant to Election Law § 16-110 (2) to cancel the enrollments of certain individuals in the Independence Party, the petitioners appeal, as limited by their brief, from so much of a final order of the Supreme Court, Westchester County (DiBella, J.), entered February 25, 2014, as, after a hearing, denied those branches of the petition which were to cancel the enrollments in the Independence Party of those individual respondents who failed to appear at any time at a duly-noticed subcommittee hearing held from August 19, 2013, through August 23, 2013, to determine whether they were in sympathy with the principles of the party, and failed to answer the petition or otherwise appear in this proceeding.

Ordered that the final order is reversed insofar as appealed from, on the law, without costs or disbursements, those branches of the petition which were to cancel the enrollments in the Independence Party of those individual respondents who failed to appear at any time at the subcommittee hearing held from August 19, 2013, through August 23, 2013, to determine whether they were in sympathy with the principles of the party, and failed to answer the petition or otherwise appear in this proceeding are granted, and the matter is remitted to the Supreme Court, Westchester County, for a determination as to which of those respondents failed to appear at the subcommittee hearing and failed to answer the petition or otherwise appear in this proceeding, and thereafter for the entry of an amended final order directing the Westchester County Board of Elections to cancel the enrollments of those respondents in the Independence Party.

In August 2013, the chairperson of the petitioner Westchester County Independence Party (hereinafter the Party) appointed a subcommittee to investigate whether approximately 4,000 recently enrolled members of the Party were in sympathy with the Party's principles. Those members were given notice of, and an opportunity to appear at, a hearing held before the subcommittee from August 19, 2013, through August 23, 2013. At the conclusion of the hearing, the subcommittee issued a report of its findings. This proceeding was then commenced to cancel the enrollments of those individuals who were determined not to be in sympathy with the Party's principles. After a hearing, in the final order appealed from, the Supreme Court denied the petition insofar as asserted against certain individual respondents, including those who failed to appear at the subcommittee hearing and failed to answer the petition or otherwise appear in this proceeding. The petitioners appeal from so much of the final or-

der as denied those branches of the petition which were to cancel the enrollments of those individual respondents who failed to appear at the subcommittee hearing and failed to answer the petition or otherwise appear in this proceeding.

Where the chairperson of the county committee of a political party determines, pursuant to the procedures set forth in Election Law § 16-110 (2), that certain members of that party are not in sympathy with that party's principles, and a proceeding is commenced in the Supreme Court to have the enrollments of those members cancelled, the Supreme Court is obligated to direct that the enrollments of those members be cancelled if it appears from the proceedings before the chairperson, and other proofs, if any, presented, that the determination is "just" (Election Law § 16-110 [2]). Limiting the Supreme Court to deciding whether the determination is "just" "reflects a legislative choice not to involve courts in determining party 'principles' " (*Matter of Rivera v Espada*, 98 NY2d 422, 428-429 [2002]). Thus, the Supreme Court's role in the proceeding is to ensure that the chairperson "reaches a decision on the basis of sufficient evidence and does not consider inappropriate factors" (*id.* at 429).

Here, on the record presented, the petitioner chairperson's determination that those respondents who failed to appear at any time at the week-long subcommittee hearing and failed to answer the petition or otherwise appear in this proceeding were not in sympathy with the Party's principles was just (*see Matter of Farrell v Morrissey*, 32 AD3d 1362, 1363 [2006]; *Matter of Zuckman v Donahue*, 274 App Div 216, 218 [1948], *affd* 298 NY 627 [1948]; *see also Matter of Walsh v Abramowitz*, 78 AD3d 852, 853 [2010]).

The respondent Westchester County Board of Elections (hereinafter the BOE) lacks standing to contest the validity of service of process of this proceeding upon the individual respondents (*see Matter of Czajka v Koweek*, 100 AD3d 1136, 1138 [2012]; *Wells Fargo Bank, N.A. v Bowie*, 89 AD3d 931, 932 [2011]; *Matter of Defreestville Area Neighborhoods Assn., Inc. v Tazbir*, 23 AD3d 70, 73 [2005]; *Home Sav. of Am. v Gkanios*, 233 AD2d 422, 423 [1996]). The BOE's remaining contention is without merit. Chambers, J.P., Lott, Roman and Hinds-Radix, JJ., concur.