OPINION OF THE COURT
John L. Michalski, J.
Petitioners brought this Election Law article 16 special proceeding seeking, inter alia, an order directing respondent Erie County Board of Elections to void ab initio the designating petitions of respondent James DePasquale, Jr. and to remove his name as the Green Party’s candidate for the office of State Senator in the 60th District in November’s general election. For the reasons set forth below, that application is denied.
Procedural History
On July 14, 2016 respondent James DePasquale, Jr. filed designating petitions with respondent Erie County Board of Elections (the Board) seeking to become the Erie County Green Party’s candidate for the office of State Senator in the 60th District. Shortly after these petitions were filed, enrolled Green Party member Sarah Hunt filed objections to the petitions with the Board, and asked that they be invalidated. While awaiting the Board’s determination, she also brought a special proceeding under Election Law § 16-102 seeking an order invalidating the DePasquale petitions on various grounds. On August 9, 2016 the Board found that Mr. DePasquale’s petitions complied with all Election Law requirements, and denied Ms. Hunt’s application. On August 30, 2016 Mr. DePasquale received a letter from petitioner Charley Tarr, Chairman of the Erie County Green Party, directing him to appear at a hearing where a party subcommittee would inquire as to Mr. DePasquale’s “sympathy with the principles of the Green Party.” That request stemmed from a complaint filed by enrolled Green Party *320 member Amanda Huber, dated August 8, 2016. On September 1, 2016 Mr. DePasquale unsuccessfully petitioned this court for an order temporarily restraining petitioners from conducting such a hearing. Later that evening, the hearing was held at the law offices of petitioners’ attorney. Neither Ms. Huber nor Mr. DePasquale appeared at the hearing. However, Mr. DePasquale’s counsel did, and provided the subcommittee with an affidavit setting out DePasquale’s political and policy positions vis-a-vis the Green Party. At the hearing’s conclusion, the subcommittee found that Mr. DePasquale was “not in sympathy with the principles of the Green Party.” The following day, petitioners brought this special proceeding by way of an order to show cause and petition seeking:
“1. An Order, pursuant to Election Law Article 16 section 110, recognizing, confirming and enforcing the findings of the subcommittee of the Green Party of Erie County;
“2. An Order pursuant to Election Law Article 16 section 110 directing the Erie County Board of Elections to invalidate and cancel the voter enrollment of James DePasquale, Jr., in the Green Party of Erie County; and
“3. An Order directing the Erie County Board of Elections to void ab initio the designating petition of James DePasquale, Jr., for State Senate in the 60th District on the Green Party line upon the grounds that he is not a validly enrolled member of the Green Party, which is necessary for the designating petition for Mr. DePasquale to exist.”
Respondent Leonard R. Lenihan filed an answer in which he took “no position” on the petition. Respondents DePasquale and Ralph M. Mohr, collectively, filed answers raising both procedural and substantive defenses. As to the former, respondents claim that: (1) petitioners failed to join a necessary party, (2) both petitioners lack standing to bring this action, and (3) the action was commenced untimely. Substantively, they aver that: (1) Mr. DePasquale’s removal from the Green Party was not “just” under Election Law § 16-110 (2), (2) Mr. DePasquale’s enrollment in the Green Party is not a requirement to qualify as the party’s candidate in the general election, and (3) removing Mr. DePasquale from the ballot would violate other sections of the Election Law.
On September 7, 2016 we denied Ms. Hunt’s application for an order invalidating Mr. DePasquale’s designating petitions. *321 On September 27, 2016 the court entertained oral argument on petitioners’ Election Law § 16-110 (2) action, and the matter was deemed submitted.
Analysis
I. Standing
Election Law § 16-110 (2) reads:
“The chairman of the county committee of a party with which a voter is enrolled in such county, may, upon a written complaint by an enrolled member of such party in such county and after a hearing held by him or by a sub-committee appointed by him upon at least two days’ notice to the voter, personally or by mail, determine that the voter is not in sympathy with the principles of such party. The Supreme Court or a justice thereof within the judicial district, in a proceeding instituted by a duly enrolled voter of the party at least ten days before a primary election, shall direct the enrollment of such voter to be cancelled if it appears from the proceedings before such chairman or subcommittee, and other proofs, if any, presented, that such determination is just.”
Initially, we note that petitioner Green Party is not a “duly enrolled voter” of a political party, and, therefore, does not have standing to bring an Election Law § 16-110 special proceeding. Conversely, petitioner Tarr, as a “duly enrolled voter” in the Green Party, does.
II. Statute of Limitations
As noted above, an Election Law § 16-110 (2) special proceeding must be instituted, i.e., commenced, “at least ten days before a primary election.” In the 2016 election cycle, the primary election was set for September 13th. Under Civil Practice Law and Rules §§ 304 (a) and 2102, a special proceeding is commenced by filing a petition with the County Clerk’s office. More specifically, CPLR 304 (c) defines “filing” as “the delivery of the . . . petition to the clerk of the court in the county in which the . . . special proceeding is brought.” Here, there is no evidence in admissible form indicating that petitioners complied with these requirements. There is no “filed” or date stamp affixed to the petition, there is no copy of the petition in the County Clerk’s file, and petitioners inclusion—in a supplemental memorandum of law—of receipts indicating the purchase of a request for judicial intervention and index *322 number do not sufficiently establish that the petition was delivered to the Clerk’s office (id.; see also Matter of Mendon Ponds Neighborhood Assn. v Dehm, 98 NY2d 745 [2002]; Peace v Yumin Zhang, 15 AD3d 956 [2005]).
Given these findings, we find it unnecessary to address respondents’ arguments as to petitioners’ failure to join a necessary party.
III. Substantive Arguments
On the scant record of the Green Party’s September 1, 2016 subcommittee hearing, we find that the cancellation of Mr. DePasquale’s enrollment was unjust. The only “record” of the hearing appears to be a one page “Summary Decision” in which the operative paragraph nearly verbatim regurgitates the conclusory allegations set forth in Ms. Huber’s initial complaint. It utterly fails to recite any factual or evidentiary basis upon which it arrived at the conclusion that Mr. De-Pasquale was “a surrogate” for certain Republican Party members or “operatives” who “are collectively trying to take over the Green Party,” or—most significantly—how he was “not in sympathy with the principles of the Green Party.” Were witnesses called? What, if any, documentation was produced? Was the evidence merely anecdotal? Why wasn’t Ms. Huber present at the hearing? Petitioners seem more content to rely on the presumption fashioned by a three to two majority in Matter of Zuckman v Donahue (274 App Div 216, 218 [1948] [holding that respondents in an action to cancel their party enrollment who failed to answer the party’s questionnaire, or appear at a Supreme Court hearing to determine the cancellation issue, “must be presumed to have been lacking in sympathy”]) in reaching their determination than the paucity of record evidence. However, such reliance is misplaced. Unlike the Zuckman respondents, who failed to answer the “lack of sympathy” allegations in any fashion, Mr. DePasquale provided the subcommittee with an affidavit clearly manifesting his support for the Green Party platform. Given the totality of these circumstances, we find the court’s admonition in Warren County Conservative Party v Girard (78 Misc 2d 964, 965 [Sup Ct, Warren County 1974]) to be particularly instructive: “where voters have expressed their choice by enrolling in a party, their political philosophy should not be the subject of speculation, and the Court must accept their declarations at face value, unless there is affirmative proof to the contrary.” Here, no such proof has been presented. Accordingly, it can not be said that cancelling Mr. DePasquale’s enrollment was just.
*323 Lastly, even if we were to conclude that cancelling Mr. DePasquale’s enrollment was “just,” removal from the ballot would not be the appropriate relief. Election Law § 16-110 makes no mention of removal, and it can be reasonably argued that doing so would run afoul of Election Law §§ 6-146 through 6-152. Thus, it would be an abuse of our discretion to presumptuously fashion such a drastic and unprecedented remedy where the legislature declined to do so.
Wherefore, it is hereby ordered that the application for Election Law § 16-110 relief is denied, and the petition is dismissed.