Matter of BNB Bank v HealthFirst PHSP Inc. (2021 NY Slip Op 02339)





Matter of BNB Bank v HealthFirst PHSP Inc.


2021 NY Slip Op 02339


Decided on April 15, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: April 15, 2021

Before: Renwick, J.P., Gische, Moulton, Mendez, JJ. 


Index No. 161416/19 Appeal No. 13592 Case No. 2020-02887 

[*1]In the Matter of BNB Bank Formerly Known as Bridgehampton National Bank, etc., Petitioner-Respondent,
v
HealthFirst PHSP Inc., Respondent, Jacques Antoine, Respondent-Appellant.


Felton & Associates, Brooklyn (Regina Felton of counsel), for appellant.
Jaspan Schlesinger LLP, Garden City (Victoria R. Gionesi of counsel), for respondent.



Order, Supreme Court, New York County (W. Franc Perry, J.), entered June 23, 2020, which granted the petition and motion for an order, pursuant to CPLR 5225 and/or CPLR 5227, directing respondent HealthFirst PHSP Inc. to turn over to petitioner funds owned by respondent Jacques Antoine, unanimously affirmed, with costs. In connection with the enforcement of a judgment obtained against Antoine and others petitioner learned that respondent HealthFirst was holding approximately $93,000 in funds in which Antoine had an interest. Petitioner commenced a proceeding by order to show cause seeking a turnover order for the $93,000 held by HealthFirst. In signing the order to show cause the court directed "personal service of a copy of [the] order to show cause and the papers upon which it is based upon HealthFirst and Antoine, on or about the 6th day of December 2019." Petitioner submitted an affidavit of service indicating that HealthFirst was served through the Secretary of State on December 6, 2019. It submitted two additional affidavits of service, one indicated that its process server had attempted service on respondent Antoine at his home on three separate occasions: (1) December 4th at 6:52 a.m., "jane doe" presumably Antoine's wife refused to open the door; (2) December 5th at 4:49 p.m. and 7:32 p.m. no one answered; and on (3) December 6 at 8:21 a.m. affixed a copy of the order to show cause and documents to the door and mailed a copy to Antoine at his residence. The third affidavit indicated that on December 6 at 3:24 p.m. it served a copy of the order to show cause and documents at Antoine's actual place of business on Jovan Scarlett- a coworker and person of suitable age and discretion- and mailed a copy to Antoine at his actual place of business.
Antoine did not appear but opposed the motion through his attorney's affirmation, admitted that his coworker was served, did not deny receiving a copy of the order to show cause and the supporting documents and argued that the petition is defective because it was not verified.
Petitioner properly effected personal service on Antoine, in accordance with the court's directive, by delivering the petition and supporting documents to Antoine's coworker, a person of suitable age and discretion, at his place of business (CPLR 308[2]). Petitioner also properly and timely served Antoine pursuant to CPLR 308(4) by affixing a copy of the petition with supporting documents to the front door of his dwelling place, after three unsuccessful attempts to serve him personally at that address (see e.g. Albert Wagner & Son v Schreiber, 210 AD2d 143, 143 [1st Dept 1994]).
The affidavits of service constitute prima facie evidence of proper service on Antoine and HealthFirst, which Antoine failed to rebut (see Reem Contr. v Altschul & Altschul, 117 AD3d 583 [1st Dept 2014]) and lacks standing to contest (Wells Fargo Bank, N.A. v Bowie, 89 AD3d 931 [2d Dept 2011]). Contrary to Antoine's contention, the court [*2]merely directed "personal service" by a certain date, and petitioner complied with that directive.
The fact that the petition is not verified does not require dismissal. CPLR 402, which addresses the pleadings in a special proceeding such as this, provides, "There shall be a petition, which shall comply with the requirements for a complaint in an action" (compare CPLR 7804[d] ["There shall be a verified petition"]). In any event, the lack of verification is a defect that may be ignored because Antoine failed to show that any substantial right of his was prejudiced by it (CPLR 3026; see generally Foley v D'Agostino, 21 AD2d 60, 66 [1st Dept 1964]; Scholastic Inc. v Pace Plumbing Corp., 129 AD3d 75, 80 [1st Dept 2015]). THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 15, 2021