Matter of Mazzullo v Barnett (2022 NY Slip Op 04458)

Matter of Mazzullo v Barnett

2022 NY Slip Op 04458

Decided on July 8, 2022

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 8, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., PERADOTTO, NEMOYER, AND WINSLOW, JJ.

359 CAE 21-00851

[*1]IN THE MATTER OF DONALD MAZZULLO, AS AN ENROLLED CONSERVATIVE PARTY MEMBER, REGISTERED VOTER RESIDING IN MONROE COUNTY, AND AS CHAIRMAN OF THE MONROE COUNTY CONSERVATIVE PARTY, AND THE MONROE COUNTY CONSERVATIVE PARTY, PETITIONERS-RESPONDENTS,
v
TED BARNETT, CHRISTINE BROWN, CURRAN BROWN, EVELYN CHAFFER, EMMA FERRANTE, ANNA FIORUCCI, ERIK GYSEL, LORI GYSEL, POLLY HANNA, BRUCE HELLMAN, LINDA HELLMAN, YONG BOM KIM-FREDELL, PATRICIA KRAUS, ROBERT KRAUS, BRENDAN RAYMOND, ERIC SMUTZ, LESLIE SMUTZ, KYLE TRACY, RYAN TRAVERS, JAMES CHAIZE, RESPONDENTS-APPELLANTS, ET AL., RESPONDENTS. 

JAMES OSTROWSKI, BUFFALO, FOR RESPONDENTS-APPELLANTS.
GALLO & IACOVANGELO LLP, ROCHESTER (JOHN M. OWENS OF COUNSEL), FOR PETITIONERS-RESPONDENTS. 

 Appeal from an order (denominated judgment) of the Supreme Court, Monroe County (Daniel J. Doyle, J.), entered June 10, 2021 in a proceeding pursuant to Election Law article 16. The order, among other things, granted the petition and directed respondents Monroe County Board of Elections and New York State Board of Elections to disenroll respondents Ted Barnett, Christine Brown, Curran Brown, Evelyn Chaffer, Emma Ferrante, Anna Fiorucci, Erik Gysel, Lori Gysel, Polly Hanna, Bruce Hellman, Linda Hellman, Yong Bom Kim-Fredell, Patricia Kraus, Robert Kraus, Camille Lavecchia, Brendan Raymond, Eric Smutz, Leslie Smutz, Kyle Tracy, Ryan Travers and James Chaize from the Conservative Party. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Petitioner Donald Mazzullo, the chairman of petitioner Monroe County Conservative Party, received a written complaint from an enrolled member of the Conservative Party in Monroe County requesting that Mazzullo hold a hearing pursuant to Election Law § 16-110 (2) to determine whether the enrollment of certain voters in the party, including respondents-appellants (respondents), should be cancelled on the ground that those voters were not in sympathy with the principles of the party. The complaint alleged that respondents were from the same town, had newly registered in the Conservative Party close to the deadline for changing party registration, had largely been associated with the local Democratic Party, and had then designated three respondents as Conservative Party candidates for local office. The complaint further alleged that respondents had not joined the Conservative Party to endorse or express support for the party, but instead to further ulterior political purposes. Following an examination of the allegations in the complaint, Mazzullo sent a notice letter by mail to each respondent informing them that a hearing had been scheduled pursuant to Election Law § 16-110 (2). Certain respondents responded by submitting affidavits in lieu of attending the hearing, which were all sworn on the same day, were mostly notarized by the same notary public, and used similar language to explain that respondents were unable to attend the hearing and that they held particular conservative values. After a hearing that none of respondents attended, Mazzullo [*2]rendered a written determination in which he concluded that respondents were not in sympathy with the principles of the Conservative Party and should be disenrolled therefrom. In reaching that determination, Mazzullo considered, among several other things, that respondents had chosen not to attend the hearing, their affidavits largely ignored principles of the Conservative Party that Mazzullo listed as key components of the party's philosophy, and there was evidence of concerted activity on the part of respondents and certain local Democratic Party officials.
Petitioners thereafter commenced this proceeding pursuant to Election Law § 16-110 (2) seeking an order directing the cancellation of the Conservative Party enrollments of respondents, and respondents subsequently answered. Supreme Court, upon concluding that Mazzullo's determination was just, granted the petition, adjudged that respondents were not in sympathy with the Conservative Party, and directed the disenrollment of respondents from the party. Respondents appeal, and we now affirm.
Initially, we address respondents' procedural challenges. First, as raised in their answer, respondents contend that the notice letter was insufficient to provide them with notice of the subject matter of the hearing and any party principles that they had allegedly violated. We reject that contention. The statute requires only that "[w]here, as here, the chairperson of the county committee of a political party, or a subcommittee appointed by the chairperson, conducts hearings, pursuant to the procedures set forth in Election Law § 16-110 (2), to determine whether certain members of that party are not in sympathy with that party's principles, those members must receive notice of such hearings, in person or by mail, at least two days before the hearing" (Matter of Walsh v Verdi, 89 AD3d 740, 740 [2d Dept 2011]). Contrary to respondents' contention, the plain language of the statute does not, beyond the abovementioned notice requirements, prescribe that the notice include any particular substantive content related to the allegations, nor does the statute require that the chairperson provide a statement of principles, a document akin to a bill of particulars, or any other attachments (see § 16-110 [2]). Here, the timely notices mailed to respondents were in compliance with the statute inasmuch as they apprised respondents that, based on a complaint pursuant to Election Law § 16-110 (2) challenging their enrollments in the Conservative Party, a hearing had been scheduled at a specified place and time to determine whether they were in sympathy with the principles of the Conservative Party. Second, to the extent that respondents contend that petitioners failed to show that respondent Ryan Travers properly received the required notice (see generally Walsh, 89 AD3d at 740-741), that contention is raised for the first time on appeal and is therefore not properly before us (see Matter of Buttenschon v Salatino, 164 AD3d 1588, 1589 [4th Dept 2018]).
On the merits, respondents contend that the court erred in failing to evaluate whether petitioners had sufficiently proved the principles of the Conservative Party to support the determination that respondents were not in sympathy therewith. We reject that contention. As the Court of Appeals has explained, "Election Law § 16-110 (2) assigns the task of determining whether a voter 'is . . . in sympathy with the principles' of his or her political party to a leader of that party—the County Committee Chair—and limits courts to deciding whether this determination is 'just' " (Matter of Rivera v Espada, 98 NY2d 422, 428 [2002]). "This division of responsibility reflects a legislative choice not to involve courts in determining party 'principles' " (id. at 428-429). "Thus, the court's role is to ensure that the County Committee Chair reaches a decision on the basis of sufficient evidence and does not consider inappropriate factors" (id. at 429). Contrary to respondents' assertions, the court was therefore not charged with determining the principles of the Conservative Party; instead, the limited role of the court was to ensure that Mazzullo "reache[d] a decision on the basis of sufficient evidence and d[id] not consider inappropriate factors," i.e., that the determination was just (id. at 429; see § 16-110 [2]).
We conclude that the court properly held that the determination was just and directed that respondents' enrollments in the Conservative Party be cancelled (see Matter of Walsh v Abramowitz, 78 AD3d 852, 853 [2d Dept 2010]; Matter of Farrell v Morrissey, 32 AD3d 1362, 1362-1363 [4th Dept 2006]). The court properly considered respondents' "failure to testify at [the] hearing[] held before [the chairperson] investigating whether [respondents] were in sympathy with the Conservative Party's principles, which gave rise to a presumption that [respondents] were not in sympathy with those principles" (Walsh, 78 AD3d at 853; see Matter of Zuckman v Donahue, 274 App Div 216, 218 [3d Dept 1948], affd 298 NY 627 [1948]; Farrell, [*3]32 AD3d at 1362-1363). Contrary to respondents' assertion, the court did not treat their failure to appear at the hearing as dispositive. Instead, the court applied the presumption by determining that respondents' failure to attend the hearing would be held against them, which is what Mazzullo had done as well. Moreover, contrary to respondents' related contention, the court appropriately observed that the affidavits submitted in lieu of attending the hearing were largely similar in appearance and content, including the statements ostensibly espousing conservative principles, and properly determined that such "[s]elf-serving declarations [were] not enough" to overcome the presumption and uncontested facts indicating that respondents were not in sympathy with the party (Matter of Walsh v Abramowitz, 34 Misc 3d 1228[A], 2009 NY Slip Op 52828[U], *7 [Sup Ct, Suffolk County 2009], affd 78 AD3d 852 [2d Dept 2010]).
With respect to those uncontested facts, the court properly concluded that there was sufficient evidence to support Mazzullo's determination that respondents had engaged in a concerted effort to infiltrate the Conservative Party with the ulterior motive of defeating party-endorsed candidates in the primary and helping elect local Democratic Party officials and those aligned therewith (see Zuckman, 274 App Div at 218-219; Farrell, 32 AD3d at 1362). As the court recognized, Mazzullo, in rendering his determination, appropriately considered that respondents had all enrolled in the Conservative Party in a relatively short period and close to the deadline for changing party affiliation, that three respondents thereafter petitioned to run as candidates for local office as members of the party, and that the designating petitions were signed by the other recently enrolled respondents and were witnessed, notarized, and submitted by others with connections to the local Democratic Party (see Zuckman, 274 App Div at 218-219; Farrell, 32 AD3d at 1362). While respondents are correct that Mazzullo's speculation about respondents also being motivated to interfere with the Conservative Party in an attempt to derail a proposed solar power project does not have sufficient support in the record, no single factor is controlling and, here, the combination of the other abovementioned relevant factors considered by Mazzullo were sufficient to support the determination that respondents lacked sympathy with the aims and purposes of the Conservative Party (see Zuckman, 274 App Div at 218-219).
Entered: July 8, 2022
Ann Dillon Flynn
Clerk of the Court